[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-15204
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 6, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00065-CR-ORL-19JGG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARY LAVEL THOMAS,
a.k.a. Sticks,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 6, 2009)

Before BLACK, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Gary Lavel Thomas appeals the sentence imposed by the district court

following the grant of his pro se motion for a reduced sentence, 18 U.S.C. § 3582(c)(2). After a thorough review of the record, we affirm.

Thomas pleaded guilty to conspiracy to possess with intent to distribute crack cocaine and was sentenced to 262 months' imprisonment. He subsequently filed a motion for a reduction in sentence, § 3582(c), based on Amendment 706 to the U.S. Sentencing Guidelines, which reduced the base offense levels applicable to crack cocaine offenses. The district court granted the motion, reduced the offense level by 2 and determined the new guidelines range to be 210 to 262 months' imprisonment. The court sentenced Thomas to 210 months' imprisonment.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

Thomas argues that the district court erred in its application of § 3582(c)(2) when it resentenced him without consideration of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and refused to sentence him below the minimum of the amended guideline range.

A district court may modify a term of imprisonment in the case of a defendant who was sentenced based on a sentencing range that subsequently has

2

been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. The applicable policy statements, found in § 1B1.10, state that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

Thomas's arguments are foreclosed by precedent. This court recently held that Booker does not apply to § 3582(c)(2) proceedings, and thus, the district court is bound by the limitations imposed by § 1B1.10 and does not have the authority to sentence below the amended guideline range. United States v. Melvin, 556 F.3d 1190, 1192-93 (11th Cir. 2009), petition for cert. filed, (U.S. Feb. 10, 2009) (No. 08-8664); see also United States v. Webb, manuscript op. at 6-7 (No. 08-13405) (11th Cir. Apr. 13, 2009). Accordingly, we affirm.

**AFFIRMED**