[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 21, 2009
THOMAS K. KAHN
CLERK

No. 08-11486
Non-Argument Calendar

_____

D. C. Docket No. 03-00134-CR-J-12-HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH W. MITCHELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 21, 2009)

Before TJOFLAT, BIRCH and HULL, Circuit Judges.

PER CURIAM:

In October 2003, after Kenneth W. Mitchell pled guilty to distribution of

cocaine base, the district court sentenced him to prison for a term of 151 months. On March 3, 2008, proceeding pro se, he moved the district court pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines, which lowered the base offense level for cocaine base offenses, to reduce his sentence. The court denied his motion. He now appeals.

Mitchell argues that the district court erred in denying his motion because, although he was sentenced as a career offender, under U.S.S.G. § 4B1.1, his original base offense level should still have been recalculated. He also contends that, because this court, in United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, (U.S. Mar. 9, 2009) (No. 08-8554), did not determine whether United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), applies to § 3582(c)(2) proceedings, Booker should be applied to reduce his sentence range and thus his sentence.

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). In Moore, we held that, if the defendant was sentenced as a career offender, and the sentence range was not affected by U.S.S.G. § 2D1.1, then

2

his sentence was not "based on a sentencing range that has subsequently been lowered." Moore, 541 F.3d at 1327-28. There, we noted that the base offense levels under § 2D1.1 played no role in the calculation of the career offender sentence range for the defendant. Id. at 1327. Thus, the district court was not authorized to reduce the sentence under Amendment 706. Id. at 1330.

Because Mitchell was sentenced as a career offender, the crack cocaine base offense level played no ultimate role in the determination of his sentence; therefore, the district court correctly determined that Mitchell was not eligible for a sentence reduction pursuant to Amendment 706. Moreover, the court did not have authority to reduce Mitchell's sentence under Booker. See United States v. Jones, 548 F.3d 1366, 1369 (11th Cir. 2008) (holding that Booker itself does not render a defendant eligible for a sentence reduction under § 3582(c)(2)), cert. denied, (U.S. Mar. 23, 2009) (No. 08-8865).

Mitchell next argues that the district court erred by failing to appoint counsel for his § 3582(c)(2) proceedings. We review the right to counsel in a § 3582(c)(2) proceeding de novo. Webb, No. 08-13405, manuscript op. at 7. "A district court's decision not to appoint counsel is reviewed for an abuse of discretion." Id. In Webb, we held that "there is no statutory or constitutional right to counsel for a § 3582(c)(2) motion or hearing." Id. at 11. As a result, "the decision to appoint an

attorney is left to the discretion of the district court." Id.  Here, the court did not abuse its discretion.

AFFIRMED.