[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 9, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10912
Non-Argument Calendar

_____

D. C. Docket No. 88-00447-CR-TWT-3-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WINSTON PAUL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 9, 2009)

Before TJOFLAT, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Winston Paul, a federal prisoner who was convicted of a crack cocaine

offense, appeals the denial of his motion to reduce his sentence, filed pursuant to 18 U.S.C. § 3582(c)(2). Paul's § 3582(c)(2) motion was based on Amendment 706 to the Sentencing Guidelines, which reduced base offense levels applicable to crack cocaine offenses involving less than 4.5 kilograms. On appeal, Paul argues that the district court abused its discretion when it failed to correct an alleged error in the drug quantity attributed to him during his original sentencing and denied his § 3582(c)(2) motion. Because Paul was convicted of a drug conspiracy that included an underage individual, the probation officer had doubled the total amount of cocaine base involved. Paul asserts that the original presentence investigation report erred in this calculation by doubling the whole drug quantity rather than just that possessed by the underage individual.[1] Therefore it incorrectly attributed more than 1.5 kilograms of crack cocaine to him, and his base offense level should have been 34, not 36. The district court ruled, however, that it did not have the legal authority to do so.

In a § 3582(c)(2) proceeding, we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines. United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965, and cert. denied, 129 S.Ct. 1601 (2009).

---

[1] Notably, no written objections were included in the PSI.

Section 3582(c)(2) forbids a court from modifying a term of imprisonment once it has been imposed except "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." The applicable policy statement provides that if a defendant's guideline range has "subsequently been lowered as a result of an amendment to the Guidelines Manual listed in [U.S.S.G. § 1B1.10(c)], the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)" and "any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement." U.S.S.G. § 1B1.10(a)(1). But where a defendant's sentencing range does not change under Amendment 706, the district court has no authority under § 3582(c)(2) to reduce his sentence. United States v. Webb, No. 08-13405, manuscript op. at 3-4, 6 (11th Cir. Apr. 13, 2009); U.S.S.G. § 1B1.10(a)(2)(B).

Pursuant to Amendment 706, defendants who are responsible for at least 1.5 kilograms but less than 4.5 kilograms of crack cocaine are now eligible for a base offense level of 36. U.S.S.G. § 2D1.1(c)(2) (2008). Thus, in order for the guidelines range to have changed—a necessary prerequisite for re-sentencing—the district court would have to find that Paul is correct that the original base offense

3

level determination was incorrect and should be 34.  However, proceedings under § 3582 do not constitute a <u>de novo</u> resentencing.  <u>United States v. Bravo</u>, 203 F.3d 778, 781 (11th Cir. 2000).  Rather, "<u>all</u> original sentencing determinations remain unchanged[.]"  <u>Id.</u>

In this case, Paul is asking that his base level offense be changed, but that is an original sentencing determination.  The district court did not have jurisdiction to consider extraneous sentencing issues, such as a re-examination of the drug quantity for which Paul was held responsible.  Thus, Paul's base offense level of 36, based on a drug quantity of more than 1.5 kilograms of crack cocaine, must remain the same.  Consequently, his guidelines range remain unchanged by Amendment 706, and the district court correctly found that Paul was not eligible for a reduction pursuant to § 3582(c)(2).  Accordingly, we affirm.

**AFFIRMED.**