[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11369
Non-Argument Calendar
_____

D.C. Docket No. 1:07-cr-00128-CAP-AJB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TREVOR MILLER,
a.k.a. Tony,
a.k.a. Dread,
a.k.a. Derrick,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 8, 2013)

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Trevor Miller, a federal prisoner convicted of drug and firearm offenses, appeals pro se the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 750 of the Sentencing Guidelines. After review, we affirm.

Under § 3582(c)(2), a district court has the authority to reduce a defendant's prison term if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1). If, however, the defendant's sentencing range is not lowered by the retroactively applicable guideline amendment, the district court has no authority to reduce the defendant's sentence. United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008); U.S.S.G. § 1B1.10(a)(2)(B).[1]

Here, Miller is not eligible for a § 3582(c)(2) sentence reduction because Amendment 750 did not lower his applicable guidelines range. At his 2009 sentencing, Miller was held accountable for 27.7 grams of cocaine base (converted to 554 kilograms of marijuana), 492.4 grams of powder cocaine (converted to 98.48 kilograms of marijuana), and 0.1196 kilograms of marijuana, for a total marijuana equivalent of 652.5996 kilograms of marijuana. This total amount set a

---

[1]We review the district court's decision whether to reduce a sentence pursuant to § 3582(c)(2) for abuse of discretion. See United States v. Webbs, 565 F.3d 789, 792 (11th Cir. 2009). We review "de novo the district court's legal conclusion regarding the scope of its authority under the Sentencing Guidelines." Id. (quotation marks omitted).

base offense level of 26. See U.S.S.G. § 2D1.1(c)(6) & cmt. n.10(D)(i) (2008) (setting base offense level at 28 for offenses involving at least 400 kilograms, but less than 700 kilograms, of marijuana, but then providing for a two-level reduction where the offense involved both cocaine base and other controlled substances). After applying other adjustments, Miller's total offense level of 30 and criminal history category of I resulted in an advisory guidelines range of 97 to 121 months' imprisonment for his drug offenses.[2]

Amendment 750 became effective and retroactive on November 1, 2011, and is listed as an amendment that may serve as a basis for a sentence reduction. See U.S.S.G. § 1B1.10(c) & cmt. n.4; U.S.S.G. App. C, amends. 750 & 759. Among other things, Amendment 750: (1) changed the base offense levels for cocaine base offenses in U.S.S.G. § 2D1.1(c)'s Drug Quantity Table; (2) changed the marijuana equivalency for 1 gram of cocaine base from 20 kilograms of marijuana to 3,571 grams of marijuana; and (3) eliminated the two-level reduction to the combined base offense level where the offense involved both cocaine base and other controlled substances. See U.S.S.G. app. C, amend. 750 (making permanent Amendment 748's temporary, emergency amendment that modified the marijuana equivalency for cocaine base and striking Note 10(D) in the commentary to § 2D1.1); see also U.S.S.G. § 2D1.1, cmt. n.10(B) (2011) (providing that, where

---

[2]Miller also received a consecutive 119-month sentence for his firearm offense, which is no implicated by this appeal.

different controlled substances are involved, the substances are converted to their marijuana equivalency and added together and then the sentencing court "look[s] up the total in the Drug Quantity Table to obtain the combined offense level").

Applying Amendment 750's new marijuana equivalency, Miller's cocaine base amount would now convert to 98.9167 kilograms of marijuana. See U.S.S.G. § 2D1.1 cmt. n.10(D).  Miller's total marijuana equivalency would be 197.5163 kilograms of marijuana, which would result in a base offense level of 26.  See U.S.S.G. § 2D1.1(c)(7) & cmt. n.10(B) (2011) (setting base offense level at 26 for offenses involving at least 100 kilograms, but not more than 400 kilograms, of marijuana).  Thus, even after Amendment 750, Miller's base offense level would remain level 26 and his advisory guidelines range would remain 97 to 121 months as to his drug offenses.

To the extent Miller argues that he is eligible for a § 3582(c)(2) sentence reduction based on the Fair Sentencing Act ("FSA"), Miller's sentence was imposed in 2009, and thus the FSA does not apply to him.  See United States v. Berry, ___ F.3d ___, No. 12-11150, 2012 WL 5503789, at *1-2 (11th Cir. Nov. 14, 2012) (concluding that the FSA does not apply retroactively to defendants sentenced prior to the FSA's August 3, 2010 effective date).

Miller devotes a substantial portion of his appeal brief to arguing that his convictions and sentences should be vacated for reasons already raised (and

4

rejected) in a previously-filed 28 U.S.C. § 2255 motion.[3]  In particular, Miller argues that the district court erred at trial by admitting Miller's prior murder conviction in the United Kingdom and that Miller's counsel gave ineffective assistance by failing to object to the admission of his murder conviction and failing to raise the issue on direct appeal.  These issues are outside the limited scope of a § 3582(c)(2) proceeding.  See 18 U.S.C. § 3582(c)(2) (limiting proceedings to cases where retroactive amendment of the Sentencing Guidelines affects the applicable guidelines range).

**AFFIRMED.**

---

[3]Both the district court and this Court denied Miller's request for a Certificate of Appealability as to the issues raised in his § 2255 motion, and his separate appeal of the district court's denial of his § 2255 motion was dismissed.