[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14957
Non-Argument Calendar
_____

D.C. Docket No. 1:96-cr-00439-DLG-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LEON FRANCO,
a.k.a. Lucas,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 5, 2016)

Before HULL, MARCUS, and JORDAN, Circuit Judges.

PER CURIAM:

In 1996, Leon Franco was indicted for conspiring to possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846.  Mr. Franco pled guilty to that charge, and the district court accepted the plea.  According to the PSI, Mr. Franco was the head of a Colombian group responsible for importing over 1,800 kilograms of cocaine.  Because the offense involved over 150 kilograms of cocaine, the PSI calculated a base offense level of 38, in accordance with the then-applicable 1997 Sentencing Guidelines.  Taking into account other guideline adjustments, the PSI calculated a total offense level of 42 and criminal history of I, which yielded a sentencing range of 360 months to life imprisonment.  The district court sentenced Mr. Franco to 360 months' imprisonment, the low end of the guideline range.

In 2015, Mr. Franco filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782, which retroactively amended the drug quantity table in U.S.S.G. § 2D1.1(c).  In pertinent part, Amendment 782 increased the amount of cocaine necessary to qualify for a base offense level of 38 from at least 150 kilograms to at least 450 kilograms of cocaine.  Because 1,800 kilograms—the amount Mr. Franco was responsible for—is still more than 450 kilograms, the district court found that Amendment 782 did not change Mr. Franco's base offense level and denied the motion for reduction of sentence.

2

Mr. Franco, proceeding *pro se*, appeals the district court's denial of his motion. He contends that the district court abused its discretion by denying his § 3582(c)(2) motion without first considering the § 3553(a) factors. Upon review of the record and consideration of the parties' briefs, we affirm.

## I

We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2). *See United States v. Jones*, 548 F.3d 1366, 1368 (11th Cir. 2008).

A district court must engage in a two-step analysis when considering a motion for reduction of sentence under § 3582(c)(2). *See United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). First, the court must determine the sentence it would have imposed, given the defendant's amended guideline range and keeping all other guideline findings made at the original sentencing hearing constant. *See id.* Second, the court must consider the factors in § 3553(a) and then determine, in its discretion, whether to reduce the defendant's sentence. *See id.* at 781. Of course, the district court need not reach the second step of the analysis nor examine the § 3553(a) factors if, as a threshold matter, the relevant amendment did not lower the defendant's sentencing range. *See United States v. Webb*, 565 F.3d 789, 793 (11th Cir. 2009). If a defendant's guideline range would not be lowered by an

3

amendment, the court cannot reduce the sentence.  *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

## II

Under the Sentencing Guidelines in effect at the time of Mr. Franco's original sentencing, a drug quantity of 150 kilograms or more of cocaine resulted in a base offense level of 38.  *See* U.S.S.G. § 2D1.1(c)(1) (1997).  As a result of Amendment 782, the guidelines now provide that a drug quantity of 450 kilograms or more of cocaine triggers a base offense level of 38.  *See* U.S.S.G. § 2D1.1(c)(1) (2014).  At no point, however, has Mr. Franco disputed that he pled guilty to a conspiracy involving more than 1,800 kilograms of cocaine.  Indeed, at the original sentencing hearing, the district court found that Mr. Franco was responsible for "over a thousand kilos of cocaine."  Nevertheless, Mr. Franco argues that the district court erred by failing to consider the § 3553(a) factors.  That argument is without merit.

The district court properly concluded that Mr. Franco was not eligible for a sentence reduction under Amendment 782.  Because Mr. Franco's 1,800-kilogram drug quantity still triggers a base offense level of 38, his new guideline calculation yields an identical sentencing range of 360 months to life imprisonment.  A district court is not authorized to reduce a defendant's sentence under § 3582(c)(2) if an amendment to the sentencing guidelines would not lower

that defendant's applicable guideline range.  *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B).  Once the district court correctly determined that Mr. Franco was ineligible for relief, it was not obligated to continue to the second step in the § 3582(c)(2) analysis and evaluate the § 3553(a) factors.  *See Webb*, 565 F.3d at 793.

## III

Because retroactive application of the amended drug quantity table promulgated by Amendment 782 did not affect Mr. Franco's sentencing guideline range, the district court was not authorized to grant a motion for reduction of sentence.  Accordingly, the district court properly denied Mr. Franco's motion under 18 U.S.C. § 3582(c)(2).

**AFFIRMED.**