[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14445
Non-Argument Calendar
_____

D.C. Docket No. 2:99-cr-14045-KMM-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DALE JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 6, 2016)

Before JORDAN, JULIE CARNES and BLACK, Circuit Judges.

PER CURIAM:

Dale Jackson, a federal prisoner proceeding pro se, appeals the district court's September 2015 denial of his construed motions for reconsideration of the court's January 2015 order denying his request to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines.  Jackson contends the district court abused its discretion and committed clear error when it determined Jackson's drug quantity made him ineligible for relief under Amendment 782 and that he is entitled to reconsideration.[1]  After review,[2] we vacate the district court's September 2015 order and remand for further proceedings.

## I. DISCUSSION

The Government contends Jackson failed timely to appeal the district court's January 2015 order denying his motion for a sentence reduction, and that the law-of-the-case doctrine ordinarily applies when a party had the opportunity to appeal a district court's ruling on an issue but did not do so.  *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560–61 (11th Cir. 1997).  Although both assertions are true, the law of the case does not apply when "the decision was clearly erroneous and would cause manifest injustice."  *Id*. at 1561 (quotation omitted).  We have considered "manifest injustice" to be synonymous with the plain error standard of

---

[1] We liberally construe pro se pleadings.  *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009).

[2] We review a district court's denial of a motion for reconsideration in a criminal action for an abuse of discretion.  *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004).

review, such that "[t]o demonstrate manifest injustice, a petitioner must demonstrate (1) that there was error; (2) that was plain; (3) that affected his substantial rights; and (4) that affected the fundamental fairness of the proceedings." *United States v. Quintana*, 300 F.3d 1227, 1232 (11th Cir. 2002).

The district court's January 2015 order constituted plain error. It stated Jackson was "not eligible for relief under Amendment 782" because the "[l]arge quantity of drugs [kept the] basic offense level at 38." To the contrary, under Amendment 782, Jackson's 75,952.5 kilograms of marijuana should have resulted in a base offense level of 36. *See* U.S.S.G. § 2D1.1(c)(1) (base level of 36 applies for drug quantities between 30,000 and 90,000 kilograms of marijuana); *see also United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000) (holding when the district court considers a § 3582(c)(2) motion, it must first recalculate the guideline range under the amended Guidelines); *United States v. Bennett*, 472 F.3d 825, 834 (11th Cir. 2006) (finding miscalculation of the defendant's offense level was plain error).

The correct calculation would have lowered Jackson's applicable Guidelines range. "[A] defendant can rely on the application of an incorrect Guidelines range to show an effect on his substantial rights," *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1348 (2016), even if the defendant's ultimate sentence falls within both the incorrect and correct guideline range, *id*. at 1345–46. Because the

3

Guidelines "inform and instruct the district court's determination of an appropriate sentence," in the usual case, "the systemic function of the selected Guidelines will affect the sentence." *Id.* at 1346. Without the benefit of a lower guidelines range to guide the district court in its determination whether to grant his § 3582(c)(2) motion, Jackson's substantial rights and the fundamental fairness of the proceeding were affected. *See id.* at 1345 ("The Guidelines' central role in sentencing means that an error related to the Guidelines can be particularly serious.").

The district court's failure in its January 2015 order to acknowledge the correct amended Guidelines range was clearly erroneous and would result in manifest injustice; as a result, the law of the case does not bar the court from reconsidering Jackson's initial motion. *See Quintana*, 300 F.3d at 1232. Thus, the district court abused its discretion in its September 2015 denial of Jackson's motion for reconsideration because its finding that Jackson "[did] not establish any of the grounds justifying reconsideration" was also clearly erroneous. *See United States v. Izquierdo*, 448 F.3d 1269, 1276 (11th Cir. 2006) ("A district court abuses its discretion if it fails to apply the proper legal standard or to follow proper procedures in making the determination, or makes findings of fact that are clearly erroneous.") (quotation omitted).

## II. CONCLUSION

Accordingly, we vacate the district court's order denying Jackson's motions

for reconsideration and remand for the district court to consider whether to exercise its discretion to reduce Jackson's sentence in light of the amended Guidelines range and the 18 U.S.C. § 3553(a) factors.

**VACATED AND REMANDED.**