[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14478
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20221-PAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIA HAYDEE LUZULA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 5, 2019)

Before MARCUS, WILLIAM PRYOR and BRANCH, Circuit Judges.

PER CURIAM:

Maria Haydee Luzula, a federal prisoner, appeals *pro se* the denial of her motions for appointment of counsel and to compel the government to move for a sentence reduction based on her substantial assistance. Fed. R. Crim. P. 35(b). The district court ruled that Luzula had no right to appointed counsel and that she had failed to make "the necessary showing for . . . review [of] the Government's failure to file a Rule 32 motion." We affirm.

Two standards of review govern this appeal. Whether a prisoner enjoys a right to counsel is an issue of law that we review *de novo*. *United States v. Webb*, 565 F.3d 789, 793 (11th Cir. 2009). When "there is no statutory or constitutional right to counsel . . ., the decision to appoint an attorney is left to the discretion of the district court." *Id.* at 795. Under the standard of abuse of discretion, "so long as the district court does not commit a clear error in judgment, we will affirm the district court's decision." *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 863 (11th Cir. 2004). We also review *de novo* whether a defendant can compel the government to file a motion to reduce a sentence based on substantial assistance. *United States v. Forney*, 9 F.3d 1492, 1498 (11th Cir. 1993).

The district court did not err by denying Luzula's motion for the appointment of counsel. The Sixth Amendment guarantees "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence," U.S. Const. amend. VI, but a motion to reduce a sentence

2

based on changed circumstances is not a trial-related proceeding to which the right to counsel, under the Sixth Amendment, applies. *See Webb*, 565 F.3d at 794. The Due Process Clause of the Fifth Amendment also requires "counsel to be appointed whenever 'fundamental fairness' would demand it," but fundamental fairness does not require representation for a prisoner in an non-adversarial proceeding in which the government requests that the sentencing court reduce her sentence to reward her for assisting an investigation or prosecution. *See id.* Although a federal statute provides for the appointment of counsel through appeal and during "ancillary matters appropriate to th[ose] proceedings," 18 U.S.C. § 3006A(c), that statutory right does not extend to proceedings initiated after a conviction and sentence become final. *See Webb*, 565 F.3d at 795. And we cannot say that the district court committed a clear error in judgment by refusing to appoint counsel to aid Luzula in pursuing a nonmeritorious claim to reduce her sentence. *See id.*

The district court also did not err by denying Luzula's motion to compel the government to move to reduce her sentence. Luzula pleaded guilty without a plea agreement despite, as she stated during her plea colloquy, "nobody . . . giv[ing] [her] [a] promise" regarding her sentence. Luzula's argument that her repetition of a jailhouse rumor of a sexual encounter between a prison guard and an inmate constituted substantial assistance did "not entitle [her] to a remedy or even to discovery or an evidentiary hearing." *Wade v. United States*, 504 U.S. 181, 186

3

(1992). The government determined that Luzula "added no substantial assistance" to its case, which was based on inmate interviews, surveillance video footage, biological evidence, and the victim's statements. Luzula had to make a "substantial threshold showing" that the government refused to act based on an unconstitutional motive. *Wade*, 504 U.S. at 186. Luzula alleged that an "attorney friend . . . told [her] that the government would file a Rule 35 after she withdrew her pending 28 U.S.C. § 2255 motion," but her unsubstantiated allegation that the government withheld sentencing relief based on an improper motive failed to satisfy her burden. *See Forney*, 9 F.3d at 1502 (requiring "an allegation and a substantial showing" to merit judicial review).

We **AFFIRM** the denial of Luzula's postjudgment motions.

4