[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14618
Non-Argument Calendar
_____

D.C. Docket No. 8:01-cr-00180-EAK-AAS-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEC V. MATHEWS,
a.k.a. Alex Matthews,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 10, 2020)

Before WILSON, BRANCH and GRANT, Circuit Judges.

PER CURIAM:

In May 2001, Alec V. Mathews was convicted of conspiracy to possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846 (count 1); and with knowingly and intentionally possessing firearms in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) and 924(c)(1)(A)(i) and (2) (count 2).  Pursuant to 21 U.S.C. § 851(a)(1), the government filed a notice that Mathews's prior conviction for possession of cocaine qualified as a "felony drug offense" for the purposes of § 841(b)(1)(A)'s enhanced penalty provision.

The presentencing investigation report (PSI) stated that Mathews was responsible for eight kilograms of cocaine.  Accordingly, the PSI assigned Mathews a base offense level of 32 with respect to count 1.  He also received a criminal history score of nine, placing him in the criminal history category of IV.  With an offense level of 32 and a criminal history category of IV, the PSI stated that Mathews's guideline imprisonment range was 168 to 210 months as to count 1.  The range, however, increased to 240 months because he was subject to the statutory minimum term of imprisonment.  As to count 2, Mathews was subject to a mandatory consecutive term of 60 months' imprisonment.  At sentencing, which

2

the district court held in April 2002, Mathews was sentenced to 240 months as to count 1 and 60 months as to count 2, to be served consecutively.

Mathews filed a pro se motion under 18 U.S.C. § 3582(c)(2) for reduction of sentence in light of Amendment 782 to the Sentencing Guidelines, U.S.S.G. app. C, amend. 782, and the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (First Step Act). The district court denied his motion, and he now appeals. He argues that (1) Amendment 782 reduces his base offense level, (2) section 401 of the First Step Act invalidates the predicate drug offense that was used to enhance his penalty range under 21 U.S.C. § 841(b)(1)(A), and (3) he is entitled to relief under the First Step Act generally. After careful review, we affirm the district court.

## I.

We review de novo whether a district court had the authority to modify a term of imprisonment. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020). We review the district court's denial of a motion for a sentence reduction pursuant to § 3582(c)(2) for abuse of discretion, and the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines de novo. *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009).

## II.

We turn first to Mathews's argument that Amendment 782 to the Sentencing Guidelines lowers his base offense level, and thus he is eligible for a sentence reduction.

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent that a statute expressly permits. 18 U.S.C. § 3582(c)(1)(B). A prisoner may move for a reduction of sentence where "he has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," including amendments to the Sentencing Guidelines. 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1). A prisoner, however, is not eligible for a sentence reduction if an amendment "does not have the effect of lowering [his] applicable guideline range," such as where an amendment is applicable but a statutory minimum term of imprisonment determined the prisoner's sentence. U.S.S.G. § 1B1.10(a)(2)(B); *United States v. Melton*, 861 F.3d 1320, 1326–27 (11th Cir. 2017). "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b).

Section 2D1.1 of the Sentencing Guidelines applies to drug trafficking offenses and conspiracies to commit such offenses. U.S.S.G. § 2D1.1. Amendment 782 to the Sentencing Guidelines, which took effect in 2014 and

4

became retroactive in 2015, reduced by two levels the base offense level applicable to a number of drug offenses under § 2D1.1. *Melton*, 861 F.3d at 1323.

Mathews argues that Amendment 782 reduces his base offense level from 32 to 30, which should result in a guideline imprisonment range of 135 to 168 months. While the PSI did use § 2D1.1 to calculate Mathews's base offense level, Mathews's 240-month sentence was the result of the statutory mandatory minimum—not the § 2D1.1 calculation. We must follow that mandatory minimum; thus Amendment 782 does not impact his sentence. The district court, therefore, did not err in determining that it did not have the authority to reduce Mathews's sentence. It similarly did not abuse its discretion in denying Mathews's motion for a reduction of sentence.

### III.

Next, we turn to Mathews's argument that he is entitled to relief under the First Step Act. The Act expressly permits courts to reduce a previously imposed term of imprisonment. *Jones*, 962 F.3d at 1297. Our analysis focuses particularly on sections 401 and 404 of the Act. We are not persuaded that Mathews is eligible for relief under either.

First, section 401 of the First Step Act made changes to certain § 851 penalty enhancements for repeat offenders. In effect, it changed the type of prior offenses that can trigger enhanced penalties from "felony drug offenses" to "serious drug

felonies." First Step Act § 401(a); 21 U.S.C. § 841(b)(1)(A), (B) (2020). But section 401 plainly states that it does not apply to sentences imposed before December 21, 2018, the date of enactment. *See* First Step Act § 401(b) ("The amendments made by this section shall apply only to a conviction entered on or after the date of enactment of this Act.").

Mathews, a repeat offender, contends that section 401 invalidates his § 851 penalty enhancement because his prior offense is not a "serious drug felony" for purposes of the First Step Act.[1] We do not address the merits of his argument, however, for the plain language of the Act makes clear that section 401 is not retroactive and therefore does not apply here.

Second, section 404 of the First Step Act made retroactive application of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. The Fair Sentencing Act increased the quantity of crack cocaine that triggers mandatory minimums and eliminated mandatory minimums for simple possession offenses. The First Step Act extended these benefits of the Fair Sentencing Act to defendants sentenced before its effective date. To be eligible for the retroactive relief under section 404(b) of the First Step Act, the  defendant must have been convicted of a

---

[1] The district court did not address this issue, even though Mathews argued it. We may affirm the district court's judgment on any ground supported by the record. *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012). As such, we will consider the applicability of section 401 on appeal.

"covered offense": a crack-cocaine offense that triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii). *See* First Step Act § 404(b); *Jones*, 962 F.3d at 1298.

Mathews argues that he is eligible for relief under the First Step Act generally. Because he is proceeding pro se, we may liberally construe this argument as a challenge to the district court's ruling that he is ineligible under section 404. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Mathews's offenses are not covered offenses for purposes of section 404, as he was not convicted of a crack-cocaine offense. Thus section 404 does not apply to Mathews. For that reason, the district court did not err in ruling that he is not eligible for relief under section 404 or abuse its discretion in denying the motion.

IV.

We hold that the district court properly denied Mathews's motion for reduction of sentence. First, Matthews is not eligible for relief under Amendment 782 because, even though the amendment applies to his case, his sentence was controlled by the statutory minimum term of imprisonment under 21 U.S.C. § 841(b)(1)(A)(ii). Second, Mathews is not eligible for relief under section 401 of the First Step Act because that provision, by its plain language, does not apply to sentences that were imposed before December 21, 2018. Third, Mathews is not

eligible for relief under section 404 of the First Step Act because his convictions are not of covered offenses under the Act.  Accordingly, we affirm.

**AFFIRMED**.