[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-12722
Non-Argument Calendar
_____

D.C. Docket No. 8:17-cr-00135-JDW-JSS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY J. KLATCH, II,

Defendant - Appellant.
_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 19, 2021)

Before BRANCH, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Anthony Klatch, II, appeals the district court's denial of his motion for a

reduced sentence under 18 U.S.C. § 3582(c)(1)(A). Klatch argues that the district

court erred in determining that his medical conditions coupled with the spread of COVID-19 within the facility where he is currently housed did not warrant compassionate release. We disagree and affirm.

Section 3582(c)(1)(A) provides that if certain eligibility criteria are met, a district court "may reduce a term of imprisonment." Because the statute expressly gives the district court discretion in granting or denying an eligible defendant's request for a reduced sentence, we review its denial of an authorized reduction for abuse of discretion. *See United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020) (applying the abuse of discretion standard to a denial of an eligible defendant's request for a reduced sentence under an analogous provision of the First Step Act); *see also United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009) (applying the abuse of discretion standard to a denial of a request for a reduced sentence under 18 U.S.C. § 3582(c)(2)). A district court abuses its discretion by applying the incorrect legal standard, following improper procedures in making its determination, or making clearly erroneous factual findings. *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011).

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a district court to reduce a defendant's term of imprisonment, not only upon motion of the Director of the Bureau of Prisons, but also upon motion of the defendant. *See* First Step Act § 603; 18 U.S.C. § 3582(c)(1)(A). Before bringing such a motion, however, a

defendant must first ask the BOP to bring a motion on his behalf. *Id.* The defendant can file a motion for compassionate relief on his own behalf only if (1) the BOP refuses to bring the motion and the defendant has exhausted all administrative remedies, or (2) the BOP fails to answer the defendant within thirty days. *See id.* The district court then must perform a "two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). First, it must determine if there are "extraordinary and compelling" reasons for a reduction "consistent with applicable policy statements"—the "eligibility" determinations. *See id.* at 825–27; 18 U.S.C. § 3582(c)(1)(A). Next, the court "consider[s] any applicable § 3553(a) factors and determine[s] whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

Here, the district court denied Klatch's motion for reduction of sentence for three independently sufficient reasons: (1) failure to exhaust all administrative remedies; (2) failure to show extraordinary and compelling reasons; and (3) as an exercise of the court's discretion. Even were we to assume that Klatch properly exhausted all administrative remedies and is eligible for compassionate release, the district court did not abuse its discretion in denying Klatch's motion for reduction of sentence. The court did not apply an incorrect legal standard or fail to follow proper procedures in reaching its determination. And given Klatch's failure to present

3

supporting medical records and reliance on previously rejected claims, none of the district court's factual findings were clearly erroneous. Accordingly, we affirm.

**AFFIRMED.**