[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-12581
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20587-RNS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO MACLI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 3. 2021)

Before WILSON, ROSENBAUM and MARCUS, Circuit Judges.

PER CURIAM:

Antonio Macli, proceeding pro se, appeals following the district court's denial of his renewed motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 ("First Step Act"). In 2012, a federal grand jury returned a 44-count superseding indictment charging Macli, his two children and others with conspiracies to commit health care fraud, to receive and pay health care kickbacks, and to commit money laundering, as well as substantive violations related to the conspiracies. United States v. Moran, 778 F.3d 942, 953-54, 956 (11th Cir. 2015). As we explained in their direct appeal, Macli and others "concocted and engaged in a pernicious scheme to defraud Medicare and preyed upon vulnerable victims," which included chronic substance abusers, elderly with dementia, Haitian patients looking for immigration benefits, and paid patients. Id. at 951-52. The court sentenced Macli within the guidelines range to a total of 30 years in prison, and ordered him to pay $11,481,593.43 in restitution, jointly and severally with other co-defendants. Id. at 957.

Several years into his sentence, Macli filed the instant renewed motion seeking compassionate release from the district court, alleging that in light of his advanced age of 81 years old and his medical conditions, including atrial fibrillation and bradycardia, he was at a greater risk of death from COVID-19. The district court denied the motion. After thorough review, we affirm.

2

We review de novo whether a district court had the authority to modify a term of imprisonment. United States v. Jones, 962 F.3d 1290, 1296 (11th Cir. 2020). However, because section 3582(c)(1)(A) uses the permissive term "may" when it grants district courts the authority to reduce a term of imprisonment for extraordinary and compelling reasons, we review a denial of a motion for compassionate release for abuse of discretion. See, e.g., id. (reviewing for abuse of discretion the denial of a sentence reduction under section 3582(c)(1)(B) based on a retroactive statutory change); United States v. Webb, 565 F.3d 789, 792 (11th Cir. 2009) (reviewing for abuse of discretion the denial of a sentence reduction under section 3582(c)(2) based on a retroactive amendment to the guidelines). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous. United States v. Khan, 794 F.3d 1288, 1293 (11th Cir. 2015).

We review arguments raised for the first time on appeal only for plain error. United States v. Lange, 862 F.3d 1290, 1293 (11th Cir. 2017). To establish plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007). If the defendant satisfies these conditions, we may exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or public reputation of

3

judicial proceedings.  Id.  We liberally construe the pleadings of pro se litigants.

Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Under 18 U.S.C. § 3582(c), a district "court may not modify a term of imprisonment once it has been imposed" except under certain circumstances.  When Congress enacted the First Step Act in 2018, it amended § 3582(c)(1)(A), in part, to increase the use and transparency of compassionate release of federal prisoners.  See First Step Act § 603(b).  Section 3582(c)(1)(A)(i) now says:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that extraordinary and compelling reasons warrant such a reduction[.]

Before the First Step Act, a district court could grant a sentence reduction under § 3582(c)(1)(A) only upon a motion by the Federal Bureau of Prisons ("BOP") Director.  See First Step Act § 603(b).

Section 3582(c)(1)(A) still requires any reduction to be consistent with the sentencing commission's applicable policy statements.  The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13, and provide that the court may reduce a term of imprisonment "if, after considering the factors set forth

4

in 18 U.S.C. § 3553(a),[1] to the extent that they are applicable," it finds, in relevant part, that extraordinary and compelling reasons warrant the reduction.[2] The court must determine that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), before it can determine whether extraordinary and compelling reasons exist. See U.S.S.G. § 1B1.13; id., comment. (n.1).

Even where consideration of the § 3553(a) factors is mandatory, the district court need not state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of them. United States v. Kuhlman, 711 F.3d

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

[2] Section 1B1.13's list of extraordinary and compelling reasons for compassionate release includes: (A) a medical condition where the prisoner is suffering from (i) a terminal illness, or (ii) deteriorating health related to aging that substantially diminishes the ability of the prisoner to provide self-care within the prison; (B) the age of the prisoner, being at least 65 years old, who is experiencing a serious deterioration in physical or mental health and has served a certain portion of his term of imprisonment; (C) the death or incapacitation of the caregiver of the prisoner's minor child; and (D) other reasons as determined by the Director of the BOP. U.S.S.G. § 1B1.1, comment. (n.1). Notably, we have not yet held in a published opinion whether § 1B1.13, which on its face applies only to motions for compassionate release filed by the BOP and has not been amended following the First Step Act, constrains district courts in considering compassionate release motions filed by prisoners themselves. Nevertheless, we need not address that issue because it is clear that the district court denied Macli relief based on its consideration of the § 3553 factors and whether he remained a danger to others, and not based on the extraordinary and compelling reasons inquiry.

1321, 1326 (11th Cir. 2013).  Rather, the district court's acknowledgment that it considered the § 3553(a) factors and the parties' arguments is sufficient.  United States v. Sarras, 575 F.3d 1191, 1219 (11th Cir. 2009).  Moreover, the weight given to any of the § 3553(a) factors is committed to the sound discretion of the district court.  United States v. Croteau, 819 F.3d 1293, 1309 (11th Cir. 2016).  Even so, a district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors.  United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

In this case, the district court did not abuse its discretion in denying Macli's renewed motion for compassionate release.  In considering the motion, the district court discussed the § 3553(a) factors, including the seriousness of Macli's offense and his history and characteristics, observing that Macli had "exploited vulnerable chronic substance abuse patients and elderly individuals with significant cognitive impairments, and he failed to provide these vulnerable people with adequate care to treat their problems."  The court added that Macli had involved his children and employees in the scheme, had yet to admit any wrongdoing, and had not been forthcoming in one of his postconviction motions.  Based on these considerations, the district court concluded that the § 3553(a) factors did not warrant Macli's release.

As for whether Macli was a danger to others, the district court found that he was, explaining that it could not categorize Macli's crimes "as nonviolent because [] [they] involved 'the conscious or reckless risk of death or serious bodily injury' to especially vulnerable populations," and that he could still "use his experience to assist similar-minded offenders because committing health care fraud does not depend on strength or physical vitality." The district court also noted that Macli's lack of remorse or admission of wrongdoing made him a high risk for recidivism. We cannot say that either conclusion -- that the § 3553 factors did not warrant Macli's release and that he remained a danger to others -- was an abuse of discretion.

In addition, Macli argues, for the first time on appeal, that the district court abused its discretion in denying him relief because the same judge granted compassionate release for his co-defendant daughter. The district court explained, however, that it was granting Macli's daughter relief based on her age, her "severe" medical conditions, and the fact that it was "unlikely she would have participated in such a scheme without [her father's and her brother's] involvement." Macli has not shown that the district court abused its discretion, much less plainly erred in denying him relief while granting relief to his daughter.

On this record, the district court did not abuse its discretion in denying Macli's renewed motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

**AFFIRMED.**

7