[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13405
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 13, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 00-00066-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDREW WEBB,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(April 13, 2009)

Before BIRCH, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Andrew Webb appeals pro se the district court's denial of his motion for a

sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). The district court concluded that Webb was not eligible for a reduction under § 3582(c)(2) because Amendment 706 to the United States Sentencing Guidelines did not lower his guidelines range. For the reasons that follow, we AFFIRM.

## I. BACKGROUND

In December 2000, a jury convicted Webb of conspiracy to possess with intent to distribute more than fifty grams of cocaine base and five kilograms of cocaine hydrochloride and of attempt to possess with intent to distribute more than five hundred grams of cocaine hydrochloride, both in violation of 21 U.S.C. § 846. R2-49, R2-50, R2-58 at 1. Under the sentencing guidelines then in effect, the base offense level for these crimes was 38. See U.S.S.G. § 2D1.1(c) (Nov. 2000). However, the court found that Webb was a career offender, which made his adjusted total offense level 42. R2-58 at 6. In combination with his category VI criminal history classification, this meant he had a guideline range of 360 months of imprisonment to life imprisonment. Id. The court thought that this range was too harsh and sentenced Webb, via a downward departure, to 264 months of imprisonment. Id. After the government appealed this sentence, we vacated and remanded for the district court to impose a sentence within the guideline range. R2-74. In March 2002, after remand, the district court resentenced Webb to 360

2

months of imprisonment. R2-78. The following year, the court reduced his sentence to 264 months of imprisonment based on the government's motion for a sentence reduction for Webb's substantial assistance in other prosecutions, pursuant to Federal Rule of Criminal Procedure 35(b). R2-80.

In March 2008, Webb filed a pro se § 3582(c)(2) motion to reduce his sentence based on Amendment 706 to the Sentencing Guidelines, which amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c) to provide a two-level reduction in the base offense levels for particular crack cocaine offenses.[1] See U.S.S.G. App. C, Amend. 706 (Nov. 2007); R2-99. Around the same time, the government filed a second motion to reduce Webb's sentence based on Rule 35(b). R2-100. The district court granted the Rule 35(b) motion and reduced Webb's sentence to 228 months of imprisonment. R2-103. The court denied Webb's § 3582(c)(2) motion, however, because it found that, though Amendment 706 lowered Webb's offense level from 42 to 40, his amended guideline range would still be 360 months to life, and thus he would not be eligible for a § 3582(c)(2) reduction. R2-104. Webb filed a motion for reconsideration of this latter decision, which the district court rejected. R2-105, 107. He now appeals the denial of his § 3582(c)(2) motion.

---

[1] The Sentencing Commission made Amendment 706 retroactively applicable effective 3 March 2008. See U.S.S.G. App. C, Amend. 713 (Supp. May 1, 2008) (listing Amendment 706 as a retroactively applicable amendment under U.S.S.G. § 1B1.10(c)).

## II. DISCUSSION

On appeal, Webb argues that the district court erred in denying his § 3582(c)(2) motion. He contends that the court incorrectly applied Amendment 706 to his case and, in rejecting his motion, failed to take into account both the sentencing factors listed in 18 U.S.C. § 3553(a) and the effect of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). In addition, he argues that the court erred by not appointing counsel for him during the § 3582(c)(2) proceedings. We will address these arguments in turn.

### A. Denial of § 3582(c)(2) Motion

We review a district court's denial of a motion for a sentence reduction pursuant to § 3582(c)(2) for abuse of discretion. See United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005) (per curiam). "In a § 3582(c)(2) proceeding, we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines" as well as all "questions of statutory interpretation." United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008) (quotation marks and citations omitted). Additionally, as Webb is proceeding pro se, we will construe his pleadings liberally. See Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).

Webb contends that the district court erred in denying his motion because it

did not consider that the sentencing guidelines are merely advisory after <u>Booker</u>.  If the court had done so, he asserts, then it would have reduced his sentence since it had initially sentenced him to 264 months of imprisonment, which reflected an offense level of 34, rather than the 360 months commensurate with his actual offense level of 42.  In addition, if Amendment 706 had been in effect at the time he was originally sentenced and if the guidelines had been advisory at that point, then his actual offense level would now be lower than 40, thus entitling him to a reduction.[2]  Furthermore, Webb contends that the district court failed to consider all of the sentencing factors when resentencing him, as is required by <u>Booker</u>.

Section 3582(c)(2) permits a district court to reduce the term of imprisonment for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" so long as "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  The Commission has indicated that sentence reductions are permissible when "the guideline range applicable to that defendant has subsequently been lowered as a

---

[2] Though Webb contends that his offense level now is really 29, his calculations correspond to level 28 instead.  He derives this offense level based on an initial sentence of 264 months.  He then subtracts from this amount the 96 months by which the court reduced his sentence based on the government's Rule 35(b) motions, thereby yielding a current sentence of 168 months, which corresponds to an offense level of 30.  <u>See</u> U.S.S.G. Ch. 5, Pt. A (sentencing table).  This last figure would be reduced to 28 by Amendment 706's two-level reduction.

5

result of an amendment listed in [U.S.S.G. § 1B1.10(c)]", such as Amendment 706. U.S.S.G. § 1B1.10(a).

When a district court decides whether to reduce a sentence under § 3582(c)(2), it first has to recalculate the sentence based on the amended guidelines. See United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). In so doing, "[a]ll original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." Moreno, 421 F.3d at 1220 (emphasis omitted). The court then must choose whether to impose this newly calculated sentence or to keep the original sentence. See Bravo, 203 F.3d at 781. This choice is left to the court's discretion and "should be made in light of the factors listed in 18 U.S.C. § 3553(a)." Id.

Based on our review of the record, we find that the district court did not err in denying Webb's § 3582(c)(2) motion. Although Amendment 706 reduced Webb's adjusted offense level from 42 to 40, this change did not lower his sentencing range. Given that his sentencing range did not change, the district court correctly recognized that it had no authority under § 3582(c)(2) to reduce his sentence and that it did not need to examine the 18 U.S.C. § 3553(a) factors. See U.S.S.G. § 1B1.10(a)(2), (c). In addition, "Booker is inapplicable to § 3582(c)(2) motions" because it is "a Supreme Court decision, not a retroactively applicable

6

guideline amendment by the Sentencing Commission." Moreno, 421 F.3d at

1220–21. The district court therefore did not err in refusing to use that precedent

as a basis for a sentence reduction.

B. Right to Counsel for § 3582(c)(2) Motions

Webb also argues that the district court violated his Sixth Amendment right

to counsel by refusing to appoint an attorney to represent him on his § 3582(c)(2)

motion. The existence of such a right is a question of law that we review de novo.

See Nuvox Commc'ns, Inc. v. BellSouth Commc'ns, Inc., 530 F.3d 1330, 1333

(11th Cir. 2008) (per curiam) ("This Court reviews de novo questions of law."). A

district court's decision not to appoint counsel is reviewed for an abuse of

discretion. See United States v. Berger, 375 F.3d 1223, 1226 (11th Cir. 2004) (per

curiam).

An indigent party could have a right to an attorney in a particular proceeding

based on three different sources.[3] First, he could have a constitutional right under

the Fifth Amendment's due process clause, which the Supreme Court has

interpreted as requiring counsel to be appointed whenever "fundamental fairness"

---

[3] We note that Webb's brief on appeal mentions only the Sixth Amendment right to counsel. However, we read this liberally to invoke the right to counsel as a general matter, which would encompass all possible bases for such a right, whether they be statutory or constitutional. In addition, the government presented ample argument regarding the applicability of both a statutory and a constitutional right to counsel.

7

would demand it. Gagnon v. Scarpelli, 411 U.S. 778, 790, 93 S. Ct. 1756, 1763 (1973). Second, he could have a constitutional right under the Sixth Amendment's guarantee of counsel, which we have found to apply during those "critical stages of a criminal prosecution where substantial rights of a criminal accused may be affected," including "during the first appeal as of right." Williams v. Turpin, 87 F.3d 1204, 1209 (11th Cir. 1996) (quotation marks and citation omitted). Third, an indigent party could have a statutory right to counsel based on 18 U.S.C. § 3006A(c), which requires counsel to be available to such an individual "at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal, including ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006A(c).

The issue of whether there is a mandatory right to counsel in a § 3582(c)(2) hearing is a matter of first impression for this court. Though we have "consistently held that there is no federal constitutional right to counsel in postconviction proceedings," we have addressed the issue only in the habeas context. Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006); see also Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003); Tower v. Phillips, 7 F.3d 206, 211 (11th Cir. 1993) (per curiam); Presnell v. Zant, 959 F.2d 1524, 1532 n.6 (11th Cir. 1992). This limitation would not necessarily apply to a § 3582(c)(2) motion, since we have

found such a motion to be "a continuation of a criminal case" rather than "a civil post-conviction action" like a habeas petition. United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003) (per curiam).

The notion of a statutory or constitutional right to counsel for § 3582(c)(2) motions has been rejected by all of our sister circuits that have addressed the issue, and we agree with this consensus. See United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000); United States v. Tidwell, 178 F.3d 946, 949 (7th Cir. 1999); United States v. Townsend, 98 F.3d 510, 512–13 (9th Cir. 1996) (per curiam); United States v. Whitebird, 55 F.3d 1007, 1010–11 (5th Cir. 1995); United States v. Reddick, 53 F.3d 462, 464-65 (2d Cir. 1995). As the Fifth Circuit noted, a § 3582(c)(2) motion "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give certain defendants the benefits of an amendment to the Guidelines," rather than "a challenge to the appropriateness of the original sentence." Whitebird, 55 F.3d at 1011. A defendant bringing such a motion thus would not be eligible for the Sixth Amendment rights that would normally attach in a sentencing or resentencing hearing. See id.; see also Townsend, 98 F.3d at 512–13 (agreeing with Whitebird's rationale). Additionally, we decline to find that the Fifth Amendment provides a mandatory right of counsel for all § 3582(c)(2) motions as a matter of fundamental

9

fairness. The Federal Rules of Criminal Procedure permit courts to hold

§ 3582(c)(2) hearings without defendants being present. See Fed. R. Crim. P.

43(b)(4). Since we have found that the rights afforded under Rule 43 are at least as

broad as those from Fifth Amendment due process, a defendant has no right to be

present at such a hearing, and thus there would be no automatic Fifth Amendment

right to counsel.[4] See United States v. Parrish, 427 F.3d 1345, 1348 (11th Cir.

2005) (per curiam); see also Tidwell, 178 F.3d at 949 (relying in part on Rule 43 as

basis for rejecting right to counsel for § 3582(c)(2) motion).

For much the same reason, we find that 18 U.S.C. § 3006A(c) does not

provide a statutory right to counsel at a § 3582(c)(2) motion or hearing. The right

to counsel under that statute encompasses solely those proceedings connected to

the original criminal action, "including ancillary matters appropriate to the

proceedings." 18 U.S.C. § 3006A(c). We have read this language to cover those

"procedural mechanisms employed within the context of a federal action to insure

the protection of a person's rights in that action." In Re Lindsey, 875 F.2d 1502,

---

[4] We note that courts have the discretion to appoint counsel. See Whitebird, 55 F.3d 1011. Given the array of factors that courts now must consider in deciding whether to reduce a sentence under § 3582(c)(2), there may be instances in which equitable concerns would make the appointment of counsel appropriate to ensure a just outcome. See United States v. Robinson, 542 F.3d 1045, 1052 (5th Cir. 2008) (appointing counsel in § 3582(c)(2) proceeding "in the interest of justice" and noting that the "new complexities" created by changes to the sentencing guidelines might necessitate reconsideration of whether there should be a statutory or constitutional right to counsel in all such cases).

1508 (11th Cir. 1989) (per curiam) (emphasis added). The right granted by the statute thus would extend to matters that are part of the original action, such as sentencing and resentencing, but not to challenges to a defendant's sentence, as would be the case in a § 3582(c)(2) motion. See Whitebird, 55 F.3d at 1010–11 (finding that § 3582(c)(2) motions were not "ancillary matters" under § 3006A(c)). Accordingly, since there is no statutory or constitutional right to counsel for a § 3582(c)(2) motion or hearing, the decision to appoint an attorney is left to the discretion of the district court. Based on our review of the record, we find that the district court here did not abuse its discretion by not appointing counsel for Webb.

## III. CONCLUSION

Webb contends that the district court erred in denying his § 3582(c)(2) motion and in failing to appoint an attorney to represent him on that motion. The district court properly determined that Webb's sentencing range did not change as a result of Amendment 706. Additionally, he had no statutory or constitutional right to counsel for such a motion and the court did not abuse its discretion in not appointing one for him. We therefore AFFIRM the district court's denial of Webb's § 3582(c)(2) motion.

**AFFIRMED**