[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 25, 2011
JOHN LEY
CLERK

No. 10-11879
Non-Argument Calendar

_____

D.C. Docket No. 1:06-cr-00155-DHB-WLB-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARVIN GRAY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(May 25, 2011)

Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIAM:

On November 7, 2007, Marvin Gray, having pled guilty to conspiracy to

distribute and to possess with intent to distribute over five grams of cocaine, in

violation of 21 U.S.C. § 846, was sentenced by the district court to a prison term of 156 months. In March 2010, he sent a letter to the district court seeking a reduction of his sentence under 18 U.S.C. § 3582(c)(2). The court treated the letter as a motion seeking relief under Amendment 706 of the Sentencing Guidelines, which amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c) for crack cocaine offenses, and denied it on the ground that Gray's sentence was not based on crack cocaine, but, rather, on 43 kilograms of cocaine powder. Gray now appeals the ruling, contending that the offense for which he was sentenced involved both crack cocaine <u>and</u> cocaine powder.

Amendment 706 provided a two-level reduction in base offense levels for certain crack cocaine offenses. U.S.S.G. App. C., amend. 706. Amendment 706 became effective on November 1, 2007. *Id.* The Sentencing Commission listed Amendment 706 in § 1B1.10(c) on March 3, 2008, therefore making the amendment retroactively applicable. *See* U.S.S.G. App. C, amend. 713.

A district court may not modify a term of imprisonment once it has been imposed except where expressly permitted by statute or by Fed. R. Crim. P. 35. 18 U.S.C. § 3582(c)(1)(B). One statutory exception to this general rule includes relief under § 3582(c)(2) which provides:

[I]n the case of a defendant who has been sentenced to a term of

2

imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  The Sentencing Commission policy statement applicable to § 3582(c)(2)  provides that if a defendant's Guidelines sentencing range has "subsequently been lowered as a result of an amendment to the Guidelines Manual listed in [U.S.S.G. § 1B1.10(c)], the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)."  U.S.S.G. §1B1.10(a)(1).

Amendment 706 had no effect on Gray's sentence.  Gray pled guilty to participation in a conspiracy involving specified amounts of cocaine powder and crack cocaine, but the sentence the court imposed was based, as indicated above, only on 43 kilograms of cocaine powder.  Moreover, there is no merit to Gray's argument that his post-conviction conduct warranted a reduction in his sentence. Because Gray was not entitled to resentencing under 18 U.S.C. § 3582(c)(2), the district court did not have authority to consider the § 3553(a) factors.  *See United States v. Webb*, 565 F.3d 789, 793 (11th Cir. 2009) ("Given that [defendant's] sentencing range did not change, the district court correctly recognized that it had

3

no authority under § 3582(c)(2) to reduce his sentence and that it did not need to examine the 18 U.S.C. § 3553(a) factors.").

AFFIRMED.