[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10818
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 12, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-20345-PAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BUD PRATT WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 12, 2011)

Before BARKETT, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Bud Pratt Williams, proceeding *pro se*,[1] appeals his convictions for conspiracy to possess with intent to distribute methylenedioxymethamphetamine (MDMA), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846; possession with intent to distribute MDMA, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2; and attempted distribution of MDMA, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2. On appeal, Williams argues (1) the district court abused its discretion by denying his second motion for a new trial without holding an evidentiary hearing, and (2) his right to due process was violated because the government knowingly allowed false testimonies to go uncorrected. After review, we affirm Williams' convictions.[2]

## I.

Williams first argues the district court erred by denying his motion for a new trial without an evidentiary hearing. He asserts two new affidavits show that the Government's key witness, Donovan Jonas, lied on the stand about Williams' involvement in the drug transactions.

---

[1] We construe *pro se* filings liberally. *See United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009).

[2] We review the denial of a motion for a new trial for an abuse of discretion. *United States v. Puentes*, 50 F.3d 1567, 1578 (11th Cir. 1995). Likewise, we review a district court's decision concerning whether to hold an evidentiary hearing for an abuse of discretion. *United States v. Massey*, 89 F.3d 1433, 1443 (11th Cir. 1996).

Federal Rule of Criminal Procedure 33 allows a defendant to file a motion for a new trial within three years after the verdict if the motion is based on newly discovered evidence. Fed. R. Crim. P. 33(b).  The movant of a Rule 33 motion based on newly discovered evidence must establish that:

> (1) the evidence was discovered after trial, (2) the failure of the defendant to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result.

*United States v. Jernigan*, 341 F.3d 1273, 1287 (11th Cir. 2003) (citation omitted). We highly disfavor motions for new trials based on newly discovered evidence, and the defendant bears the burden of justifying a new trial. *United States v. Campa*, 459 F.3d 1121, 1151 (11th Cir. 2006) (*en banc*).

The district court did not abuse its discretion by denying Williams' motion for a new trial without holding an evidentiary hearing.  The affidavits proffered by Williams go to Jonas's credibility and thus merely present impeachment evidence that does not warrant a new trial. *Jernigan*, 341 F.3d at 1287.  Moreover, we have previously held during Williams' first motion for a new trial that there was sufficient evidence at trial to support the jury conviction without the testimony of Jonas.  *See United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir.

3

1997) (noting that "[u]nder the law-of-the-case doctrine, an issue decided at one stage of a case is binding at later stages of the same case"). Thus, a new trial would probably not have produced a different result. *Jernigan*, 341 F.3d at 1287. And, because the resolution of Williams' motion for new trial is clear, the district court did not abuse its discretion by not holding an evidentiary hearing. *See id.* at 1289.

## II.

Williams next argues his right to due process was violated because the Government knowingly allowed the false testimony of Jonas and Kevin Bobbitt, a Drug Enforcement Administration agent, to go uncorrected. Because Williams fails to establish that the Government knew of any falsehood in Jonas's and Bobbitt's testimonies, he cannot establish that his right to due process was violated. *See United States v. Dickerson*, 248 F.3d 1036, 1041 (11th Cir. 2001) (noting that to succeed on a *Giglio* challenge, a defendant must establish that the prosecutor knowingly used perjured testimony, or failed to correct what he subsequently learned was false testimony, and that the falsehood was material).

**AFFIRMED.**