[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-12111
Non-Argument Calendar
_____

D.C. Docket No. 4:07-cr-00038-RH-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRANCE BOYKIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(January 21, 2021)

Before WILSON, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Terrance Boykin, a federal prisoner, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  On appeal, Boykin argues that the district court abused its discretion when it denied his motion without providing adequate reasoning to allow for meaningful appellate review. After careful review, we affirm.

## I.    BACKGROUND

Boykin is currently serving a 240-month sentence for conspiracy to distribute and possess with intent to distribute crack and powder cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Before filing the motion before us, Boykin filed a motion for sentence reduction under § 404 of the First Step Act of 2018 because his drug offense involved crack cocaine.  This previous motion also requested compassionate release under 18 U.S.C. § 3582(c)(1)(A) due to the COVID-19 pandemic.[1]  The district court

---

[1] Section 3582(c)(1)(A) states:

[T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

rejected both grounds for relief, determining that Boykin's offense did not make him eligible for relief under § 404 and that he had failed to meet the exhaustion requirements for compassionate release under § 3582(c)(1)(A).  In its order, the district court also noted that it would have denied Boykin relief as a matter of discretion even if he had qualified under § 404 because "[t]he principal 3553(a) factors that supported the original sentence remain in place."[2]  Doc. 166 at 6.[3] Thus, according to the district court, "the existing sentence remain[ed] the proper sentence and would be imposed if Mr. Boykin was sentenced anew today."[4]  *Id.*

---

18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239.  The applicable policy statement by the Sentencing Commission states that, to qualify for compassionate release, the defendant must not be a "danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(2).

[2] Under § 3553(a), the district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of the statute.  18 U.S.C. § 3553(a).  These purposes include the need to:  reflect the seriousness of the offense; promote respect for the law; provide just punishment; deter criminal conduct; protect the public from the defendant's future criminal conduct; and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment.  *Id.* § 3553(a)(2).  The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  *Id.* § 3553(a)(1), (3)–(7).

[3] "Doc." numbers refer to the district court's docket entries.

[4] At Boykin's original sentencing hearing, the district court stated that it had considered the § 3553(a) factors, as well as Boykin's offense and criminal history.  It noted that Boykin's crime was "part of a long and continuing and consistent history of criminal offenses" and that he was "plainly . . . a career offender within the meaning of the guidelines."  Doc. 86 at 52–53.  The district court also discussed Boykin's lack of employment history, indicating he may have been dealing drugs full time, as well as his young age.  After considering the various § 3553(a) factors, the district court imposed a sentence at the low end of the guidelines range:  322 months' imprisonment.  This sentence was later reduced to 240 months.

Boykin then filed a motion to reconsider, arguing, among other things, that the district court should waive the exhaustion requirement for compassionate release. Before the district court could rule on the motion to reconsider, Boykin filed the present motion for compassionate release, arguing that he had met the statutory exhaustion requirement. In the present motion, he stated that his asthma made him particularly vulnerable to COVID-19. This vulnerability, he argued, was an "extraordinary and compelling" reason for compassionate release, as required by the statute. Doc. 170 at 9 (internal quotation marks omitted).

The district court entered one order denying both the motion for reconsideration and the motion for compassionate release. In denying the motions, the court assumed without deciding that Boykin posed no risk to the community and that his asthma presented an extraordinary and compelling reason that would allow a sentence reduction. But the court concluded, "as a matter of discretion, based on the 18 U.S.C § 3553(a) sentencing factors and all the circumstances, that compassionate release should not be ordered at this time." Doc 171 at 3.

After the district court's denial but before filing this appeal, Boykin sent the district court a notice of supplemental authority with details of a separate case, *United States v. Sanders*, No. 5:08-cr-12 (N.D. Fla. June 2, 2020), in which a prisoner in another facility was granted compassionate release because his asthma made him particularly susceptible to COVID-19. After Boykin filed this appeal,

4

the district court construed the notice of supplemental authority as a motion for reconsideration and denied it. The court reiterated that the § 3553(a) factors supported its decision to deny release. It also noted that the prisoner in *Sanders* had served a much greater portion of his sentence than Boykin, making compassionate release more appropriate there.

This is Boykin's appeal.

## II.    STANDARD OF REVIEW

We have not yet in a precedential opinion announced the standard of review for a denial of compassionate release under § 3582(c)(1)(A), but the statutory language indicates that the appropriate standard of review is abuse of discretion. Section 3582(c)(1)(A) states that a court "may" reduce a defendant's term of imprisonment based on certain factors. 18 U.S.C. § 3582(c)(1)(A). We review denials of sentence reductions under statutes with similar discretionary language for abuse of discretion. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020) (concluding that the proper standard of review for an order denying a sentence reductions under § 404 of the First Step Act is abuse of discretion because the Act states that a district court may, not must, reduce a sentence); *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009) (stating that the standard of review for denial of sentence reduction pursuant to § 3582(c)(2), which provides that a district court "may" reduce a term of imprisonment based on changes in the sentencing

5

guidelines, is abuse of discretion); 18 U.S.C. § 3582(c)(2). Thus, we apply an abuse of discretion standard here. Under this standard, we will reverse only if we are left with a "definite and firm conviction that the [district] court committed a clear error of judgment in the conclusion it reached." *United States v. Taylor*, 338 F.3d 1280, 1283 (11th Cir. 2003) (alteration in original) (internal quotation marks omitted).

## III.   DISCUSSION

On appeal, Boykin argues that the district court abused its discretion by failing to explain sufficiently its ruling to allow for proper appellate review. We disagree.

"A court must explain its sentencing decisions adequately enough to allow for meaningful appellate review." *United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017). "Just how much of an explanation this requires, however, depends . . . upon the circumstances of the particular case." *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018). "In some cases, it may be sufficient . . . that the judge simply relied upon the record, while making clear that he or she has considered the parties' arguments and taken account of the [statutorily mandated] factors." *Id.* The district court need not give a lengthy explanation of its ruling "if the context and the record make clear that [the court] had a reasoned

basis" for choosing not to reduce a defendant's sentence. *Id.* at 1966 (internal quotation marks omitted).

Here, the district court's orders and the record provide sufficient explanation for its denial of the motions to allow for appellate review. In its original denial of Boykin's § 404 motion, the court explained that it would not reduce Boykin's sentence even if it had the discretion to do so because it believed the sentence was still appropriate based on the § 3553(a) factors it had relied on at Boykin's original sentencing. *See supra* note 4 (outlining the district court's reasoning for Boykin's original sentence). The court reiterated this in its denial of Boykin's motion for reconsideration and second motion for compassionate release. In that order, the court noted that it understood and appreciated the risk that Boykin's asthma posed to him during the COVID-19 outbreak—in fact, the court accepted this as an extraordinary and compelling reason under § 3582(c)(1)(A)—but, considering the issue "de novo," the court concluded based on the § 3553(a) factors and all the circumstances that compassionate release was not warranted. Doc. 171 at 3. In each of these orders—taken separately and as a whole—the district court showed that it had considered Boykin's arguments and the statutorily-required factors in making its decision. This is enough to allow for meaningful appellate review. *See Chavez-Meza*, 138 S. Ct. at 1965–66; *Johnson*, 877 F.3d at 997.

Section § 3582(c)(1)(A) affords the district court significant discretion. *See* 18 U.S.C. § 3582(c)(1)(A). Although the district court did not elaborate on the reasons for its decision to deny compassionate relief, it wrote enough to demonstrate it had properly exercised its discretion under § 3582(c)(1)(A). Given this, we cannot say we are left with the "definite and firm" conviction that the district court abused its discretion in denying relief in this case. *Taylor*, 338 F.3d at 1283. We must therefore affirm.

## IV.    CONCLUSION

For the foregoing reasons, we affirm the district court's denial of the motions seeking compassionate release.

**AFFIRMED.**

8