[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-12925
Non-Argument Calendar
_____

D.C. Docket No. 9:14-cr-80061-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFREY EMIL GROOVER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 4, 2021)

Before WILSON, TJOFLAT, and ANDERSON, Circuit Judges.

PER CURIAM:

Jeffrey Emil Groover, a federal prisoner, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act of 2018.[1]  On appeal, Groover argues that the district court abused its discretion in denying his motion for compassionate release because: (1) it erroneously denied release based solely on an assessment of the 18 U.S.C. § 3553(a) factors as they existed when it originally sentenced him in 2014, instead of when he filed his motion in 2020; (2) it rejected his request for compassionate release despite having granted the requests of other prisoners who were similarly situated to him, in violation of his equal protection and due process rights; and (3) it refused to apply the correct legal standards to his alternative request for a judicial recommendation to the Federal Bureau of Prisons ("BOP") for his home confinement.

We have not issued a published opinion stating the standard of review for a district court's denial of a prisoner's motion under 18 U.S.C. § 3582(c)(1)(A), or for any findings made in the consideration of such a motion.  We review a district court's denial of a sentence reduction under the similarly worded § 3582(c)(2), however, for an abuse of discretion.  *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009); *see also* 18 U.S.C. § 3582(c)(2).  Furthermore, both Groover and

---

[1] Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) ("First Step Act").

the United States stated in their briefs that "abuse of discretion" is the appropriate standard of review for this appeal and have argued this case accordingly. Thus, because Groover has not argued for a different standard, we review the district court's denial of his motion solely for an abuse of discretion.

In 2018, Congress enacted the First Step Act, which among other things amended 18 U.S.C. § 3582(c)(1)(A) to increase the use and transparency of compassionate release of federal prisoners. *See* First Step Act § 603. The new version of the statute provides that:

> "[T]he court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf . . . may reduce the term of imprisonment . . . after considering the factors set forth in [§] 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction[.]"

18 U.S.C. § 3582(c)(1)(A). In addition to considering the § 3553(a) factors, the district court also must find that a sentence reduction is consistent with applicable policy statements issued by the U.S. Sentencing Commission. *Id.*

Under § 3553(a), a district court's sentence must be sufficient, but not greater than necessary, to achieve the goals of sentencing, which are: (1) reflecting the seriousness of the offense, (2) promoting respect for the law, (3) providing just punishment, (4) deterring future criminal conduct, (5) protecting the public, and (5) providing the defendant with any needed training or treatment. 18 U.S.C.

3

§ 3553(a). The district court also must consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the Sentencing Guidelines, any pertinent policy statement, the need to avoid disparate sentences for defendants with similar records, and the need to provide restitution to any victims. *Id.*

In situations where consideration of the § 3553(a) factors is mandatory, the district court does not need to state on the record that it has considered each factor individually, nor is it required to discuss every one of them. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). Instead, an acknowledgement by the court that it has considered the § 3553(a) factors is sufficient. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007). A sentence may be affirmed so long as the record indicates that the court considered a number of the factors. *See United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007) (affirming appellant's sentence because, even though the district court did not discuss each of the sentencing factors, the record showed that it considered several of them). Moreover, the weight given to any of the § 3553(a) factors is committed to the district court's sound discretion. *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016). Even so, a district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error

4

of judgment in considering the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).

The policy statements of the U.S. Sentencing Commission applicable to Groover's motion are found in U.S.S.G. § 1B1.13, which requires the district court to determine that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," before reducing a federal prisoner's sentence. *See* U.S.S.G. § 1B1.13; *id.*, comment. (n.1). Under § 3142(g), district courts must consider the following factors in determining the danger a defendant poses: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the individual; (3) the history and characteristics of the individual, including his past conduct, criminal history, and health; and (4) the nature and seriousness of the danger that would be posed by the individual's release. 18 U.S.C. § 3142(g).

Separate from the federal courts' power to grant a prisoner's motion for compassionate release, the Director of the BOP has independent authority to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). And due to the COVID-19 pandemic, the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") currently permits the BOP to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement"

under 18 U.S.C. § 3624(c)(2) as the Director determines appropriate. CARES Act, Pub. L. 116-136, Div. B, Title II, § 12003(b)(2). Neither § 3624(c)(2) nor the CARES Act, however, give the judiciary any authority to grant an inmate's request for home confinement. *See* 18 U.S.C. § 3624(c)(2); CARES Act, Pub. L. 116-136, Div. B, Title II, § 12003(b)(2).

In this case, contrary to Groover's assertions, the district court clearly evaluated the § 3553(a) factors in light of Groover's current circumstances, not his circumstances at the time of his original sentencing. The district court considered Groover's current health problems as well as the unprecedented dangers posed by the COVID-19 pandemic, but it nonetheless found that compassionate release on home confinement was inappropriate because "[a]n ankle bracelet would not prevent Groover from continuing his fraudulent ways." The district judge that decided Groover's motion was the same judge that presided over his trial and handed down his original sentence. As such, the district court did not need to restate its § 3553(a) analysis from that time. Rather, it was sufficient for the district court to say as it did that, despite Groover's recently developed illnesses, a sentence reduction in this case "would not promote respect for the law or act as a deterrent." This determination was not an abuse of discretion, particularly given Groover's long history of returning to crime after serving time in prison.

Groover's constitutional arguments also lack merit.  The Equal Protection Clause of the Fourteenth Amendment generally requires the government to treat "similarly situated" persons alike. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S. Ct. 3249, 3254 (1985).  But the record on appeal shows that there were ample reasons, unique to Groover's case, for the district court to deny Groover's request for compassionate release despite previously having granted the requests of other sick inmates.  The district court acknowledged that it had granted compassionate release to other prisoners, over the objections of the BOP and the United States, "when there [were] truly extraordinary and compelling reasons shown and the § 3553(a) factors support[ed] release," but it nonetheless found after considering Groover's particular circumstances that "this is not such a case."   We accordingly conclude that the district court did not treat "similarly situated" persons differently in violation of the Equal Protection Clause.

As for the Due Process Clause, Groover cites no authority to support his argument that this provision of the Constitution entitles him to compassionate release.  "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"  *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 902 (1976).  At most, then, the Due Process Clause entitled Groover to have his request fully heard and ruled upon under the appropriate legal standards.  For the reasons already stated above, we conclude that

7

the district court applied the correct standards to Groover's motion and reached a reasonable decision.

Finally, Groover has not shown that he was entitled to a recommendation of home confinement from the district court to the BOP. It is undisputed that the authority to place a prisoner in home confinement rests solely with the BOP rather than the judiciary. And while federal law permits district courts to make the type of recommendation that Groover requested, *see* 18 U.S.C. § 3621(b)(4), any such recommendation would have been non-binding. Groover has not pointed to any authority establishing a particular standard that district courts must use when deciding whether to recommend a particular type of confinement for a prisoner, despite his assertions that his district judge applied the wrong legal standard. Consequently, we are satisfied that the district court's reluctance to substitute its judgment for that of the BOP, as well as its finding that the § 3553(a) factors did not support Groover's release, were proper reasons to deny Groover's request for a judicial recommendation.

In summary, the district court did not abuse its discretion in denying Groover's motion for compassionate release because the court explicitly referenced, adequately considered, and reasonably weighed the § 3553(a) factors in denying his motion. As for Groover's other contentions, he cites no authority in support of his constitutional arguments, and the district court appropriately

8

declined to issue a recommendation of home confinement to the BOP.

Accordingly, we affirm.

**AFFIRMED.**