[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12596
Non-Argument Calendar

_____

D.C. Docket No. 3:17-cr-00023-CAR-CHW-2


UNITED STATES OF AMERICA,

                                                          Plaintiff-Appellee,

versus

EDWARD VANCE TALLON,

                                                          Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(February 25, 2021)

Before JORDAN, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Vance Tallon appeals the district court's denial of his *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  Because we need more clarification from the district court, we vacate and remand the district court's order for further explanation.

## I.    Background

Before Congress passed the First Step Act in 2018, compassionate release under 18 U.S.C. § 3582(c)(1)(A) was only available upon a motion by the Director of the Bureau of Prisons ("BOP").  With the passage of the First Step Act, Congress expanded the availability of compassionate release by allowing defendants to file motions directly with a district court seeking such relief. *See* First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239. Section 3582(c)(1)(A) now provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that— extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the sentencing Commission[.]

Before the First Step Act amendment to § 3582(c)(1)(A), the "applicable policy statements" referred to were found in U.S.S.G. § 1B1.13.  These policy statements have not been amended since the First Step Act was passed and they refer only to a sentence reduction upon a motion from the BOP Director.  We have not yet addressed in a published opinion how courts are to consider the "applicable policy statements" given the discrepancy in the updated version of the statute and the language in the § 1B1.13 guidelines.  Section 1B1.13 provides that:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>> (1)(A) Extraordinary and compelling reasons warrant the reduction;
>> *    *    *
>> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>>
>> (3) The reduction is consistent with this policy statement.

The commentary to the guidelines fleshes out the "extraordinary and compelling reasons" requirement.  For example, a defendant's medical condition may warrant a sentence reduction as an "extraordinary and compelling reason" if the defendant (1) has a terminal disease or (2) is suffering from a physical or mental condition that diminishes his ability to provide self-care in prison and from

3

which he is not expected to recover.  U.S.S.G. § 1B1.13, cmt. n.1(A).  The policy statements in § 1B1.13 also contain a catch-all provision, which states that a prisoner may be eligible for a sentence reduction if the BOP Director determines that there are extraordinary and compelling reasons other than, or in combination with, the other specific examples listed.  *Id.* at cmt. n.1(D).

In June 2020, Tallon filed a *pro se* motion for compassionate release under the updated version of 18 U.S.C. § 3582(c)(1)(A)(i).[1]  As grounds for release, Tallon argued that he suffers from severe asthma and uses two inhalers, making him particularly vulnerable to contracting and dying from COVID-19.[2]  The district court denied Tallon's request after considering his motion, the 18 U.S.C. § 3553(a) factors, and the applicable policy statements issued by the Sentencing Commission to the extent they are relevant.  The court's order said that Tallon "ha[d] not provided extraordinary and compelling evidence to warrant a compassionate release" and "release on home confinement (as suggested by the defendant) is not a type of relief authorized by 18 U.S.C. § 3582(c)(1)(A)."  Tallon appeals this denial.

---

[1]  In April 2018, Tallon was sentenced to 37 months' imprisonment and 3 years' supervised release for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

[2]  The district court did not address whether Tallon had exhausted his administrative remedies as required by § 3582(c)(1)(A).  But the government concedes Tallon did so by submitting his request for compassionate release to the warden and receiving a denial letter.

Tallon argues the district court erred for two reasons. First, he alleges that the district court incorrectly applied an "extraordinary and compelling evidence" standard rather than the "extraordinary and compelling reason" standard articulated in § 3582(c)(1)(A). Second, he argues that the district court erred by ruling that the statute does not authorize the relief he requested.[3]

## I.    Standard of Review

We review a district court's denial of a sentence reduction under § 3582(c)(2) for an abuse of discretion. *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009). We will apply the same standard of review here because § 3582(c)(1)(A) contains similar language, and the parties agree that it is the appropriate standard of review. "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Khan*, 794 F.3d 1288, 1293 (11th Cir. 2015) (quotation omitted).

## II.    Analysis

After reviewing the district court's order, we vacate and remand the order for clarification on two points.

---

[3] Tallon also argues the district court abused its discretion in evaluating the merits of his compassionate release claim. Because, as explained below, we are remanding the district court's order for more clarification on some of its reasoning, we express no opinion on the merits of the district court's decision to deny Tallon relief at this time.

5

First, the district court said that Tallon had not provided "extraordinary and compelling evidence" to warrant compassionate release. We cannot determine whether the district court simply misstated the "extraordinary and compelling reasons" language of § 3582(c)(1)(A) or whether it required a heightened evidentiary showing to grant compassionate relief in this case. Because it is unclear which standard the district court used to evaluate Tallon's motion, we vacate and remand this order for the district court to explain which standard it applied.

Second, we cannot determine what the district court meant by saying "release on home confinement (as suggested by the defendant) is not a type of relief authorized by 18 U.S.C. § 3582(c)(1)(A)." Tallon, in his *pro se* motion, phrased his request for relief in varying ways. Tallon requested: a "reduction;" a "decrease" in his sentence so he could "be immediately placed on home confinement or supervised release to serve the remaining months of his sentence;" an "immediate reduction of his sentence . . . so that he can be immediately transferred to home confinement or supervised release;" the court "to reduce [his] sentence" so the BOP may immediately place him "in home confinement or on supervised release;" and the court to order "the requested sentence modification" and to "modify [his] sentence so that he will be immediately placed on home confinement or on supervised release."

By way of background, the parties agree that the district court had the authority to reduce Tallon's sentence to time served and impose a term of supervised released with home confinement as a condition of that supervised release under § 3582(c)(1)(A).  At the same time, the BOP, but not the judiciary, has the authority to "place a prisoner in home confinement" directly for "the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months."  18 U.S.C. § 3624(c)(2).

The district court's statement that release on home confinement is not authorized under § 3582(c)(1)(A) could be interpreted in at least two ways.  On the one hand, the district court might have believed that it did not have the authority the BOP does to grant home confinement directly like that provided for in § 3624(c)(2).  Under this reading, we find no error in the district court's statement as a matter of law.[4]  On the other hand, the district court might have believed that any of the relief Tallon requested (including a reduced sentence combined with supervised release and a condition of home confinement) is not available under

---

[4]  While this interpretation of the district court's statement is not a legal error, it still concerns us to the extent the district court interpreted Tallon's motion as *only* requesting direct home confinement.  We remind the district court of its obligation to liberally construe *pro se* motions.  *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014).  Under a liberal construction, Tallon sufficiently requested a sentence reduction and the imposition of supervised release with a condition of home confinement in his motion.  While we acknowledge that the district court may have made this statement as an alternative holding (after denying Tallon's request for a sentence reduction and the imposition of supervised release with a condition of home confinement), the district court should clarify its statement in this regard on remand as well.

7

§ 3582(c)(1)(A), which would constitute legal error.  On remand, the district court should clarify this statement so we can meaningfully review its order denying Tallon relief.

In sum, because two statements in the district court's order are unclear and potentially in error, we vacate and remand for the district court to clarify its decision on these points.

**VACATED AND REMANDED.**