[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11900
Non-Argument Calendar

_____

D.C. Docket No. 1:06-cr-00161-WS-N-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRED ANTHONY MERRILL,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(March 1, 2021)

Before WILSON, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Fred Anthony Merrill appeals the district court's denial of compassionate release, 18 U.S.C. § 3582(c)(1)(A), for failing to establish that his health conditions, in light of the risk of COVID-19, were extraordinary and compelling reasons to warrant his release. After careful review, we affirm.

## I.

In 2006, Merrill pled guilty to carjacking, 18 U.S.C. § 2119, and using a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c). Prior to sentencing, a probation officer prepared a presentence investigation report ("PSR"), which stated that Merrill had suffered a collapsed lung after being stabbed in the back in 1993. Nevertheless, the PSR noted that Merrill was "neither under the care of a physician nor taking any medications" and that his overall health was "good." Merrill did not object to the PSR's statements regarding his health. The district court imposed a total sentence of 207 months' imprisonment. Merrill is scheduled to be released on October 30, 2021.

In April 2020, Merrill filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), requesting that he be released to home confinement

2

based on his medical conditions.[1]  He asserted that he had a history of asthma and hypertension, and the Attorney General had authorized early release of prisoners with those conditions due to the pandemic.  In addition, he stated that he had completed numerous courses in prison, including the residential drug-treatment program, and that the state of Indiana had approved him for relocation because his wife owned a home there.  Merrill attached several documents to his motion but did not include any medical records.

The district court denied Merrill's motion for compassionate release.  It determined that Merrill had made no showing that any of the risk factors identified as warranting a transfer to home confinement applied to him, other than a "bare statement" that he suffered from asthma and hypertension.  The district court further noted that Merrill's PSR stated that he was in good health and was not under the care of a doctor or taking medication.  For these reasons, the district court found that Merrill had not shown extraordinary and compelling reasons that might warrant compassionate release to protect him from the risk of contracting COVID-19.  Merrill now appeals.

---

[1] Merrill also moved for a six-month credit based on time he spent in pretrial custody in 2006, which the district court denied.  Merrill has abandoned any challenge to this ruling by failing to brief the issue on appeal.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681-83 (11th Cir. 2014).

## II.

Section 3582(c)(1)(A) states that a district court "may" reduce a defendant's sentence. Thus, a district court's decision whether to grant or deny a defendant's reduction is discretionary and reviewed for abuse of discretion. *See United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020) (explaining the standard of review for a motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(B)); *see also United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009) (applying the abuse of discretion standard to a court's denial of a reduction under 18 U.S.C.§ 3582(c)(2)). An abuse of discretion occurs when a district court applies an incorrect legal standard, fails to follow proper procedures, or makes clearly erroneous factual findings. *United States v. McLean*, 802 F.3d 1228, 1233 (11th Cir. 2015).

In 2018, Congress enacted the First Step Act, which, in part, amended 18 U.S.C. § 3582(c)(1)(A) to increase the use and transparency of compassionate release of federal prisoners. *See* First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239-41. Section 3582(c)(1)(A)(i) currently provides,

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that extraordinary and compelling reasons warrant such a reduction[.]

4

18 U.S.C. § 3582(c)(1)(A)(i).

Courts around the country have found the risk of contracting COVID-19 to be an extraordinary and compelling reason justifying compassionate release in some cases. *See United States v. Brooker*, 976 F.3d 228, 238 (2d Cir. 2020) (listing cases); *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020) (noting that 10,940 federal prisoners applied for compassionate release between March and May 2020 and estimating that the federal courts had compassionately released 1,700 persons in 2020, compared to twenty-four after the First Step Act's passage in December 2018 and 145 in all of 2019).[2]

The Sentencing Guidelines provide that a prisoner's medical condition may warrant a sentence reduction if the prisoner (1) has a terminal disease or (2) is suffering from a condition that diminishes his ability to provide self-care in prison and from which he is not expected to recover. U.S.S.G. § 1B1.13, comment (n.1(A)). We need not consider here whether § 603 of the First Step Act authorized district courts to find extraordinary and compelling reasons for compassionate release beyond those listed in the commentary to § 1B1.13. Regardless, in its order, the district court made clear that it believed it had the authority to grant sentence

---

[2] To be clear, not all these grants were related to the pandemic. *See, e.g.*, *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020) (affirming the district courts' grants of compassionate release to several movants based on the courts' findings that the severity of each movant's sentence was an extraordinary and compelling reason for relief).

reductions based on the risk of COVID-19. Its denial was based not on a legal determination, but a factual one.

The district court did not base its decision on clearly erroneous facts when it found that Merrill had not shown that his health problems warranted compassionate release. *See McLean*, 802 F.3d at 1233. Merrill did not provide any evidence to the district court to support the claim in his motion that his asthma and hypertension justified relief. Thus, the only health information that the district court had before it was the thirteen-year-old PSR, which stated that Merrill was not under the care of a doctor, was not taking any medications, and was in good health overall. Based on those facts, the district court found that Merrill was not a "longtime" sufferer of asthma and hypertension, as he had asserted in his motion. This finding was not clearly erroneous.

As part of his appeal, Merrill has submitted his prison health records, which indicate that he was diagnosed with asthma in 2016 and hypertension in 2018. However, we cannot consider evidence that was not presented below. *See Selman v. Cobb Cnty. Sch. Dist.*, 449 F.3d 1320, 1332 (11th Cir. 2006) ("In deciding issues on appeal we consider only evidence that was part of the record before the district court.").

Because it based its denial on a factual finding that was not clearly erroneous on the district-court record, the district court did not abuse its discretion by denying Merrill's motion for compassionate release. Accordingly, we affirm.

**AFFIRMED.**