[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13957
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cr-20221-PAS-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JUAN ALEJANDRO RODRIGUEZ CUYA,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 17, 2021)

Before WILLIAM PRYOR, Chief Judge, MARTIN and BRANCH, Circuit Judges.

PER CURIAM:

Juan Alejandro Rodriguez Cuya, a federal prisoner, appeals *pro se* the denial of his motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Cuya argues that the district court erred by determining that it was constrained by the policy statements in Section 1B1.13 of the Sentencing Guidelines and that he failed to identify extraordinary and compelling reasons for early release. Cuya also challenges the denial of his request for appointed counsel. We affirm.

Cuya's challenge to the use of the policy statements in section 1B1.13 to determine his eligibility for compassionate release is foreclosed by our recent decision in *United States v. Bryant*, No. 19-14267, 2021 WL 1827158 (11th Cir. May 7, 2021). *Bryant* held that the policy statement in section 1B1.13 governs a motion for compassionate release, whether it is filed by the Bureau of Prisons or by a prisoner, and that a district court cannot "develop 'other reasons' that might justify a reduction in a defendant's sentence." *Id.* at *2. So Cuya had to establish that his situation was "compelling and extraordinary" to obtain a sentence reduction. *Id.* at *13 ("[D]istrict courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13.").

The district court did not abuse its discretion when it denied Cuya's motion for compassionate release. The commentary to section 1B1.13 lists four categories of "compelling and extraordinary reasons" to reduce a sentence, two of which 41-year-old Cuya cited as grounds to grant him relief: a "serious physical or medical

2

condition" and a "reason other than or in combination with" his medical conditions. *See* U.S.S.G. § 1B1.13 cmt. n.1(A), (D). Cuya argued that he was at risk of contracting COVID-19 due to his use of an inhaler three years earlier to treat asthma, his history of rhinitis and of sinusitis, his body mass index of 30.3, and test results showing he had elevated liver enzymes. But Cuya did not argue, and the district court reasoned that Cuya's medical record eliminated the possibility, that any of his ailments "substantially diminishe[d] [his] ability . . . to provide self-care . . . ." *See id.* cmt. n.1(A). The district court also rejected Cuya's argument that "other reasons" warranted release. *See id.* cmt. n.1(D). The district court stated that, of Cuya's ailments, the Center for Disease Control listed only a body mass index exceeding 30 and moderate-to-severe asthma as factors that increase the risk to suffer from the virus. And the district court explained that those factors did not warrant compassionate relief because Cuya's medical records evidenced that his asthma was mild and his prison had imposed restrictions to stem the spread of the virus. Cuya failed to establish an extraordinary and compelling reason to reduce his sentence.

The district court also did not abuse its discretion when it refused to appoint counsel for Cuya. He was not entitled to appointed counsel in seeking a reduction of his sentence. *See United States v. Webb*, 565 F.3d 789, 794–95 (11th Cir. 2009). Furthermore, as the district court stated, Cuya had proved capable of representing

himself by "present[ing] his arguments in a reasonably coherent and thoughtful manner."

We **AFFIRM** the denial of Cuya's motions to reduce his sentence and for the appointment of counsel.