[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-13020

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

NESTOR JAVIER SALAZAR-MONTANO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:22-cr-00007-TFM-MU-3

_____

Before JORDAN, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Nestor Salazar-Montano, a federal prisoner proceeding *pro se*, appeals from the district court's order denying his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction. Salazar-Montano argues that he presented extraordinary and compelling reasons for a sentence reduction to his sentence of 168 months' imprisonment. He seeks to invoke the district court's discretion to reduce his sentence, not challenge the original sentence as unlawfully imposed. Salazar-Montano argues that his sentence is significantly longer than a sentence that a similarly situated defendant would receive today. He also argues that the 18 U.S.C. § 3553(a) factors support a sentence reduction.

In response, the government moved for summary affirmance, arguing that summary affirmance is warranted because the district court properly concluded that Salazar-Montano was ineligible for a sentence reduction. The government argues that the district court correctly determined that it lacked the authority to reduce Salazar-Montano's sentence because it could not reduce his sentence below the low end of the amended Guidelines range. The government also notes that the amended Guideline range would have been 168 to 210 months' imprisonment. Thus, it argues that the district court could not have reduced Salazar-Montano's sentence below 168 months.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review a district court's denial of a motion for a sentence reduction, pursuant to § 3582(c)(2), for an abuse of discretion. *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009).

Section 3582(c)(2) permits a district court to reduce a sentence for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Commission has indicated that sentence reductions are permissible when "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment listed in U.S.S.G. § 1B1.10(d)." U.S.S.G. § 1B1.10(a).

In November 2023, Amendment 821 to the Sentencing Guidelines went into effect. *See* U.S. Sentencing Commission, *Adopted Amendments (Effective November 1, 2023)*, Amendment 821. As relevant here, Part B of Amendment 821, which the Commission stated should be applied retroactively, added a new section, § 4C1.1 (2023), which provides for a decrease in a defendant's offense level if the defendant satisfies ten criteria, including that the

defendant did not receive any criminal history points from Chapter 4, Part A.  U.S.S.G. amends. 821, 825 (2023); *see also* § 1B1.10.

Under U.S.S.G. § 1B1.10(b), the court shall determine the amended Guideline range that would have been applicable to the defendant if the amendment to the Guidelines had been in effect at the time that the defendant was sentenced.  § 1B1.10(b)(1).  The court shall not reduce the defendant's term of imprisonment to a term that is less than the minimum of the amended Guideline range, unless the case involves a motion filed by the government for a reduction based on substantial assistance.  § 1B1.10(b)(2)(A).

Because § 1B1.10(b)(2)(A) prohibits the court from reducing the sentence past the low-end of the amended Guidelines range, which was 168 months, we conclude that the district court did not abuse its discretion by concluding that it could not reduce Salazar-Montano's 168-month sentence.  Additionally, there is no evidence that the government filed a motion for a reduction based on substantial assistance in this case.

Accordingly, we summarily affirm the district court's order denying Salazar-Montano's § 3582(c)(2) motion because it is clear as a matter of law that the district court did not abuse its discretion.