[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13911
Non-Argument Calendar

_____

D.C. Docket No. 3:14-cr-00056-HLA-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ASHLEY CHASE LEE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 24, 2021)

Before MARTIN, JORDAN, and BRANCH, Circuit Judges.

PER CURIAM:

Ashley Lee, a federal prisoner proceeding pro se, appeals the district court's

denial of his motion for compassionate release pursuant to 18 U.S.C.

§ 3582(c)(1)(A).  After careful consideration, we affirm.

**I**

In 2014, Lee pled guilty to a drug-related offense and was sentenced to 120 months' imprisonment and 60 months' supervised release. In 2020, Lee filed this motion for compassionate release pursuant to section 3582(c)(1)(A). He argued that extraordinary and compelling circumstances warranted a sentence reduction because the Bureau of Prisons was not prepared for the COVID-19 pandemic and because his mother had poor kidney health. He also said a sentence reduction was consistent with the 18 U.S.C. § 3553(a) factors.

The district court denied Lee's motion. The district court found it was not authorized to "invent new or additional 'extraordinary and compelling reasons' for compassionate release." This being the case, it found that Lee's concerns about COVID-19 did not fall within the extraordinary and compelling reasons expressly enumerated in United States Sentencing Guideline § 1B1.13. And while noting that certain "family circumstances" can qualify as "extraordinary and compelling reasons" warranting compassionate release, the district court found that Lee's mother's poor kidney health was not expressly enumerated in the Guideline. Lee timely filed this appeal.

**II**

Lee argues here that the district court erred in finding it was only permitted to consider the extraordinary and compelling reasons expressly enumerated in

section 1B1.13. He says the court could "determine on its own what counts as 'extraordinary and compelling reasons.'" He also argues, for the first time on appeal, that the district court abused its discretion in not appointing counsel to represent him. Because Lee is proceeding pro se, we construe his filings liberally. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015).

A

We begin with Lee's argument that the district court erred in finding it was only permitted to consider the extraordinary and compelling reasons expressly enumerated in section 1B1.13. We review de novo whether a district court was authorized to modify a term of imprisonment. United States v. Jones, 962 F.3d 1290, 1296 (11th Cir. 2020). We review the denial of a motion for compassionate release under section 3582(c)(1)(A) for abuse of discretion. United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021).

Lee's argument is now foreclosed by our precedent. See United States v. Bryant, ___ F.3d ___, No. 19-14267, 2021 WL 1827158, at *1–2 (11th Cir. May 7, 2021). In Bryant, a panel of this Court held that "extraordinary and compelling reasons" are limited to those listed in section 1B1.13. Id. at *1. Section 1B1.13 lists four extraordinary and compelling reasons: the medical condition of the defendant, the age of the defendant, family circumstances, and "[o]ther reasons" as determined by the Bureau of Prisons. USSG § 1B1.13 cmt. n.1. The Bryant panel

3

also held that "other reasons" are limited to those determined by the Bureau of

Prisons, not by courts.  See Bryant, 2021 WL 1827158, at *1–2.  The district court

therefore did not err in finding it was only permitted to consider the extraordinary

and compelling reasons expressly enumerated in section 1B1.13.  Lee does not

argue that one of the extraordinary and compelling reasons listed in section 1B1.13

or that one of the "other reasons" determined by the Bureau of Prisons applies in

this case.  We therefore cannot say the district court abused its discretion in

denying his motion for compassionate release.

B

Lee's other argument is that the district court abused its discretion in not

appointing counsel to represent him.  He says his access to the law library is

limited due to the COVID-19 pandemic.  He therefore says his constitutional right

to access the courts was limited by the district court's failure to appoint him

counsel.  We ordinarily review a district court's decision not to appoint counsel for

abuse of discretion.  United States v. Webb, 565 F.3d 789, 793 (11th Cir. 2009)

(per curiam).  However, issues not raised in the district court are reviewed only for

plain error.  United States v. Hano, 922 F.3d 1272, 1283 (11th Cir. 2019).  Under

plain error review, a party must demonstrate (1) an error occurred, (2) the error

was plain, (3) the error affected the party's substantial rights, and (4) the error

4

seriously affected the fairness, integrity, or public reputation of judicial proceedings.  Id.

Lee has failed to show that the district court erred by failing to sua sponte appoint counsel to represent him.  As an initial matter, no binding precedent requires a district court to appoint counsel in a section 3582(c)(1) proceeding.  Without "precedent from the Supreme Court or this Court directly resolv[ing]" this issue, we cannot say the district court plainly erred.  See United States v. Innocent, 977 F.3d 1077, 1081 (11th Cir. 2020) (quotation marks omitted).  Certainly this Court has noted that "there may be instances in which equitable concerns would make the appointment of counsel appropriate to ensure a just outcome" in a proceeding under section 3582(c)(2).  Webb, 565 F.3d at 795 n.4.  But even assuming Webb applied to a section 3582(c)(1) proceeding, Lee has not shown the district court erred, as he has not identified any equitable concerns in his case.  Lee has a good understanding of the facts of his own case.  And while his access to the law library is limited during the COVID-19 pandemic, his motion for compassionate release and his briefs in this Court demonstrate he has a good command of the legal issues presented in his case.

**AFFIRMED.**

5