[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14316

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JAMIL GILMORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:16-cr-00420-MSS-TGW-1

_____

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Jamil Gilmore is a federal prisoner currently serving a 140-month sentence stemming from his 2017 conviction for being a felon in possession of a firearm and ammunition. While serving his sentence, Gilmore, proceeding *pro se*, filed a motion seeking compassionate release, asserting that he was at high risk of becoming seriously ill from COVID-19 because he suffers from chronic myeloid leukemia and takes a medication that renders him immunocompromised. The district court agreed that Gilmore's condition constituted an extraordinary and compelling reason for compassionate release. But the district court denied Gilmore's request for compassionate release, finding that the sentencing factors set forth in 18 U.S.C. § 3553(a) did not support a reduction. After careful review, we affirm.[1]

---

[1] We review for abuse of discretion a district court's denial of a prisoner's § 3582(c)(1)(A) motion for compassionate release. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous. A district court also abuses its discretion when it commits a clear error of judgment." *Id.* at 911–12 (citation and internal quotation marks omitted). In addition, we liberally construe *pro se* filings. *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009).

A district court may grant a defendant's motion for a sentence reduction, if, after considering the § 3553(a) factors,[2] the court finds that "extraordinary and compelling reasons warrant such a reduction" and that a "reduction is consistent with applicable policy statements" in the Sentencing Guidelines. 18 U.S.C. § 3582(c)(1)(A). We have held that the policy statement set forth in § 1B1.3 of the Sentencing Guidelines is "applicable" to all motions under § 3582(c)(1)(A). *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Accordingly, a district court may not reduce a sentence under § 3582(c)(1)(A) "unless a reduction would be consistent with [§] 1B1.13." *Id.* Section 1B1.13, in turn, requires the court to find that "[t]he defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Altogether, then, § 3582(c)(1)(A) imposes three conditions before a court may award a sentence reduction: (1) there must be "extraordinary and compelling reasons" for doing so; (2) the reduc-

---

[2] Section 3553(a) states that a court should "impose a sentence sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care. 18 U.S.C. § 3553(a)(2). In imposing a sentence, a court also should consider: the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the sentencing range established under the guidelines, any pertinent policy statement issued by the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7).

tion must be supported by the § 3553(a) factors; and (3) granting a sentencing reduction must not "endanger any person or the community within the meaning of § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). Each condition is necessary, so the failure to satisfy one condition warrants denial of a motion for a sentence reduction. *See id.* at 1237–38.

In this case, after finding that Gilmore had demonstrated extraordinary and compelling reasons warranting a reduction, the district court concluded that the § 3553(a) factors did not warrant a sentence reduction.[3] Gilmore asserts that the district court erred in analyzing the § 3553(a) factors, which he says demonstrate that he was entitled to a sentence reduction.

In considering the § 3553(a) factors when reviewing a motion for compassionate release, "a district court need not exhaustively analyze each § 3553(a) factor or articulate its findings in great detail." *Tinker*, 14 F.4th at 1241 (internal quotation marks omitted). Still, the court "must provide enough analysis that meaningful appellate review of the factors' application can take place." *Id.* (internal quotation marks omitted). An acknowledgement from the court that it has considered the § 3553(a) factors

---

[3] The district court also denied the motion because it found that granting Gilmore a sentence reduction would endanger the community. Because we conclude that the district court did not abuse its discretion in weighing the § 3553(a) factors, we need not address the court's alternative determination. *See Tinker*, 14 F.4th at 1238.

and the parties' arguments is ordinarily sufficient. *Id.* In addition, the weight to give any particular § 3553(a) factor, whether great or slight, is committed to the sound discretion of the district court. *Id.*; *see United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016) (emphasizing the "considerable discretion" a district court possesses in weighing the § 3553(a) factors)).

Here, the district court did not abuse its discretion in concluding that the § 3553(a) factors did not support a sentence reduction. The district court considered the § 3553(a) factors and found that compassionate release was not warranted given the serious nature of Gilmore's offense, his lengthy criminal history, and the fact that he had served less than half of his sentence. Although Gilmore contends that the court looked only to his criminal history and failed to weigh his post-sentencing rehabilitation, the district court in fact considered Gilmore's post-sentencing rehabilitation, including that he obtained his GED and completed vocational training. Although Gilmore disagrees with how the district court weighed the § 3553(a) factors, the district court's decision to place greater weight on the seriousness of the offense and Gilmore's criminal history was entirely within its discretion. *See Croteau*, 819 F.3d at 1309. Accordingly, we conclude the district court did not abuse its discretion in denying Gilmore's motion for compassionate release.

**AFFIRMED**.