[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11347

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KIMSEING LE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:18-cr-00002-MTT-9

_____

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Kimseing Le, proceeding *pro se*, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194. He argues that his tuberculosis diagnosis in combination with COVID-19 and his inability to socially distance in prison constitutes an "extraordinary and compelling" reason for his release.

A determination about a defendant's eligibility for a § 3582(c) sentence reduction is reviewed *de novo*. *See United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). But we review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion. *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.* (quotation marks omitted).

We liberally construe pleadings filed by *pro se* defendants. *See United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009). Nonetheless, we deem abandoned issues and contentions not raised by a defendant in his initial brief. *See United States v. Wright*, 607 F.3d 708, 713 (11th Cir. 2010). And we do not consider arguments made for the first time in an appellant's reply brief. *See*

*United States v. Montenegro*, 1 F.4th 940, 944 n.3 (11th Cir. 2021). "To obtain reversal of a district court judgment that is based on multiple, independent grounds, [the defendant] must convince us that every stated ground for the judgment against him is incorrect." *United States v. Maher*, 955 F.3d 880, 885 (11th Cir. 2020) (quotation marks omitted).

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent permitted under § 3582(c). *See United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020). As amended by § 603(b) of the First Step Act, that section now provides, in relevant part, that

> the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

As we recently explained, to grant a reduction under § 3582(c)(1)(A), a district court must find that three necessary conditions are satisfied, and these are "support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021). A district court need not address these three conditions in any particular sequence, as the absence of even one forecloses a sentence reduction. *See id.* at 1238.

Mr. Le abandoned his challenge to the district court's finding that the 18 U.S.C. § 3553(a) factors weighed against granting him relief because he did not raise the issue in his initial brief. Accordingly, his appeal fails because he did not properly challenge one of the independent grounds on which the district court based its denial of his motion for compassionate release. *See Maher*, 955 F.3d at 885. We need not reach his arguments as to whether he established an extraordinary and compelling reason warranting his release.

**AFFIRMED.**