CLD-068                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3099
_____

UNITED STATES OF AMERICA,

v.

ERIC CRAFT,
                          Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1:02-cr-00011-001)
District Judge:  Honorable Matthew W. Brann

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 12, 2023
Before:  GREENAWAY, JR., MATEY, and FREEMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 6, 2023)
_____

OPINION[*]
_____

**PER CURIAM**

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Eric Craft, proceeding pro se, appeals the denial of his motion for compassionate release filed pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government has filed a motion for summary affirmance. For the reasons discussed below, we grant the Government's motion and will summarily affirm the District Court's judgment.

In 2002, Craft pled guilty to causing the death of another through the use of a firearm possessed during and in relation to a drug trafficking crime. He was sentenced to 480 months' incarceration.[1] We affirmed Craft's sentence on direct appeal. See United States v. Craft, 139 F. App'x 372 (3d Cir. 2005).

In October 2022, Craft filed his fourth motion for compassionate release. Dkt. No. 542; see Dkt Nos. 499, 505, 533 (orders denying prior motions for compassionate release). He argued that extraordinary and compelling reasons justified his release because he is at a higher risk of becoming seriously ill from COVID-19 as an African American man who is obese with a history of smoking, especially in light of prison conditions and the state of the pandemic. Dkt. No. 542 at 4-10. He further asserted that his difficult upbringing and subsequent rehabilitation while in prison justified the grant of compassionate release. Dkt. No. 542 at 10-11. Craft also sought the appointment of counsel. Dkt. No. 541.

---

[1] He is currently scheduled to be released in August 2037.

The District Court denied Craft's motion, reasoning that, because Craft had previously contracted COVID-19 twice and recovered, he is not at an increased risk of serious illness or death from COVID. Dkt. No. 543 at 3. The District Court also concluded that the § 3553(a) factors weigh against release. Id. Finally, the District Court denied the motion for appointment of counsel. Id. Craft timely appealed. Dkt. No. 546. The Government asks that we summarily affirm the District Court's judgment.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order denying a motion for compassionate release for an abuse of discretion and will not disturb the decision unless the District Court committed a clear error of judgment. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We may affirm on any basis supported by the record, see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam), if the appeal presents no substantial question, see 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

A district court "may reduce [a federal inmate's] term of imprisonment" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." See § 3582(c)(1)(A). Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and the

3

need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," § 3553(a)(2)(A)-(C).

Upon review, we discern no clear error of judgment in the District Court's conclusion that, even if Craft had shown extraordinary and compelling circumstances as required by § 3582(c)(1)(A)(i), the § 3553(a) factors did not weigh in favor of release. The District Court reasonably concluded that several factors—including the seriousness of Craft's offense, the danger he poses to the community, and the significant time remaining on his sentence—counseled against compassionate release. See § 3553(a)(1) & (2); Pawlowski, 967 F.3d at 330-31 (denying motion for compassionate release considering, among other factors, the time remaining on the defendant's sentence and the seriousness of the defendant's crimes). Accordingly, the District Court did not abuse its discretion in denying Craft's motion for compassionate release.[2]

---

[2] We also discern no abuse of discretion in the District Court's decision to deny Craft's motion for the appointment of counsel. See United States v. Webb, 565 F.3d 789, 795 n.4 (11th Cir. 2009) (per curiam) (recognizing that a district court may appoint counsel as a matter of discretion).

4

For these reasons, the appeal does not present a substantial question. We grant the Government's motion for summary action and will summarily affirm the District Court's judgment.