CLD-054                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2939
_____

UNITED STATES OF AMERICA

v.

BRETT TRAGESER,
                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:17-cr-00225-007)
District Judge:  Honorable Christopher C. Conner

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 15, 2022
Before:  GREENAWAY, JR., MATEY, and FREEMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 15, 2023)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Brett Trageser appeals pro se from the District Court's denial of his motion for compassionate release. The Government has filed a motion for summary action. For the reasons that follow, we grant the Government's motion and will summarily affirm the District Court's judgment.

In 2019, Trageser pleaded guilty in the United States District Court for the Middle District of Pennsylvania to conspiracy to distribute and possession with intent to distribute fentanyl, and he was sentenced to 156 months' imprisonment. In July 2020, Trageser filed his first motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on his fear of contracting COVID-19 in prison. He argued that a reduced sentence was warranted because his pre-existing medical conditions made him particularly vulnerable to COVID-19 and in light of his efforts at rehabilitation and his low risk of recidivism. After appointing counsel, the District Court denied his motion, concluding that Trageser had not established extraordinary and compelling reasons for a reduced sentence and that the applicable sentencing factors under 18 U.S.C. § 3553(a) weighed against his release. In December 2020, Trageser filed a renewed motion for compassionate release, explaining that changed circumstances—an uptick in cases of COVID-19 in prisons and his continued good behavior and rehabilitative progress—warranted release. The District Court denied the motion.

In January 2022, Trageser filed another motion for compassionate release, raising essentially the same grounds for a reduced sentence and adding that release would allow him to provide care for his child, who had been removed from his mother's care and

placed in the care of his paternal grandmother—Trageser's mother—who suffered from kidney disease. Trageser also argued that a reduced sentence was warranted because a change in law meant that he was improperly designated as a career offender. The District Court denied the motion on the same bases as his prior motions and, regarding the new claims, noted that there was no indication that Tageser's mother was incapacitated to the point of being unable to care for the child and that a change in sentencing exposure was not an extraordinary and compelling reason for compassionate release.

In September 2022, Trageser filed what he described as a motion to amend or supplement his "pending" motion for compassionate release, raising essentially the same arguments and explaining that his mother's condition continued to deteriorate and she would have to relinquish custody of the child if the compassionate release motion was not granted. Trageser also sought the appointment of counsel. The District Court, noting that no other compassionate release motion was pending, construed the first filing as a renewed motion for compassionate release and denied it and the counsel motion, concluding that, even if Trageser could establish extraordinary and compelling reasons for release, the sentencing factors under § 3553(a) did not support a reduction of sentence. Trageser timely appealed, and the Government moves for summary affirmance.

We have jurisdiction under 28 U.S.C. § 1291. Pursuant to § 3582(c)(1)(A), a District Court may reduce a sentence if extraordinary and compelling reasons warrant such a reduction. Before granting compassionate release, however, a District Court must

3

consider the factors set forth in § 3553(a), to the extent that they are applicable.  See

§ 3582(c)(1)(A).  We review a District Court's order denying a motion for compassionate

release for an abuse of discretion and will not disturb that decision unless the District

Court committed a clear error of judgment.  See United States v. Pawlowski, 967 F.3d

327, 330 (3d Cir. 2020).  We may summarily affirm a District Court's decision if the

appeal fails to present a substantial question.  See Murray v. Bledsoe, 650 F.3d 246, 247

(3d Cir. 2011) (per curiam).

We discern no clear error of judgment in the District Court's conclusion that, even

if Trageser had shown extraordinary and compelling circumstances as required by

§ 3582(c)(1)(A)(i),[1] the § 3553(a) factors did not weigh in favor of release.  The District

Court reasonably concluded that several factors—including the nature and circumstances

of the offense, Trageser's history and characteristics, and the need for the sentence

imposed to reflect the seriousness of the offense, to provide just punishment, to afford

adequate deterrence, and to protect the public from further crimes—counseled against

compassionate release.  See § 3553(a)(1) & (2).  The District Court noted that Trageser's

sentence already reflected a downward variance of several years below the bottom of the

range recommended by the Sentencing Guidelines, and it highlighted the seriousness of

---

[1] Contrary to the arguments that Trageser raised after the Government moved for summary action, a review of the pertinent filings supports the District Court's conclusion that the September 2022 motion raised essentially the same grounds for release as were included in his previous motions.  Additionally, the District Court's order reflects that it considered Trageser's "new" claims, including his family's situation.  See ECF No. 379.

his conduct, including his past violations of probation and parole and the conduct for which he was convicted in this case, before ultimately concluding that it would be inconsistent with the § 3553(a) factors to reduce the sentence. See, e.g., Pawlowski, 967 F.3d at 330–31 (denying motion for compassionate release considering, among other factors, the time remaining on the defendant's sentence and the seriousness of the defendant's crimes); see also United States v. Ruffin, 978 F.3d 1000, 1008 (6th Cir. 2020) (noting that sentence reduction was not warranted where, among other factors, "the court had already varied downward by five years from Ruffin's guidelines range when imposing [a] lengthy sentence"). The District Court did not abuse its discretion in reaching this conclusion and denying Trageser's motion for compassionate release.[2]

For these reasons, the appeal does not present a substantial question. Accordingly, we grant the Government's motion for summary action and will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018).

---

[2] We also discern no abuse of discretion in the District Court's decision to deny Trageser's motion for the appointment of counsel. See United States v. Webb, 565 F.3d 789, 795 n.4 (11th Cir. 2009) (per curiam) (recognizing that a district court may appoint counsel as a matter of discretion).